[No. 12572. In Bank. — May 31, 1889.]

JOHN T. CARDWELL, APPELLANT, v. COUNTY OF SACRAMENTO ET AL., RESPONDENTS.

NAVIGABLE STREAMS — AMERICAN RIVER — BRIDGE WITHOUT DRAW — INJUNCTION. — The legislature has, in effect, declared that the American River is a non-navigable stream, by dropping it wholly from the list of navigable waters, after successive amendments placing the limit of navigation lower and lower down; and no action will lie to enjoin the county of Sacramento from constructing a bridge across said river without a draw.

ID. — DEFINITION OF "NAVIGABLE STREAMS." — The term "navigable streams," as used in section 2875 of the Political Code, prohibiting the construction of bridges across them without draws, and in section 3479 of the Civil Code, providing that anything which obstructs the free passage of any navigable river or stream is a nuisance, does not include any streams which are merely navigable at certain seasons of the year when the water is high, or any streams other than such as have been declared navigable by the legislature, or are generally navigable in fact during ordinary stages of water.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*Taylor & Holl*, for Appellant.

*W. H. Beatty*, and *Davis & Hill*, for Respondents.

BELCHER, C. C.—This action was brought to enjoin the defendants from constructing a bridge without a draw across the American River, and thereby obstructing its navigation.

In the complaint, it is alleged, in substance, that plaintiff owns a large tract of land bordering on the American River, about twenty miles above its mouth; that during the winter and spring months of the year the river is navigable from its mouth to a point above the land of plaintiff, and by the use of steamboats and other vessels he is able to transport the commodities produced and existing on his land down the American River to the Sacramento River, and thence to the cities of Sacramento and San Francisco, which are his principal markets; that the county of Sacramento has contracted with the other defendants for the construction of a bridge across the American River, at a point about a mile above its mouth, which, under the contract, is to be made without a draw or other opening for the passage of vessels, and it is to be so low that when the river is navigable—that is, at a time of high water—no vessels capable of transporting the products of plaintiff's land can pass beneath it; that unless restrained, the defendants will proceed to construct the bridge according to the contract, and that if it is so constructed, it will obstruct the navigation of the river, and cause special damage to the plaintiff.

A general demurrer was interposed and sustained to the complaint, and the plaintiff declining to amend, judgment was thereupon entered dismissing the action. The appeal is from this judgment.

It is argued for appellant that the demurrer admits that the American River is a navigable stream, and that section 2875 of the Political Code expressly prohibits the construction of bridges across navigable streams without draws, or so as to obstruct navigation, and section 3479 of the Civil Code provides that anything which obstructs

the free passage or use in the customary manner of any navigable river or stream is a nuisance; that the demurrer was therefore improperly sustained, and the judgment should be reversed.

But the averment in the complaint is only that the river is navigable at certain seasons of the year when the water is high, and not generally that it is a navigable stream. What is meant by the words "navigable streams," as used in the section of the code cited? Do the words include all streams that can be navigated in times of high water? If so, then many small creeks and sloughs in the state, though they may be nearly dry during the larger part of the year, must be treated as navigable streams, across which bridges "must be so constructed as not to obstruct navigation, and must have a draw or swing of sufficient space or span to permit the safe, convenient, and expeditious passage at all times of any steamer, vessel, or raft which may navigate the stream or water bridged." We do not think the words were intended to have the broad meaning suggested, or to include any streams other than such as have been declared navigable by the legislature, or are generally navigable in fact,—that is to say, during ordinary stages of water.

But however this may be, the words certainly cannot be held to include streams which have been in effect declared by the legislature to be non-navigable. Now, turning to the statutes, we find that in 1850 an act was passed which declared the American River to be navigable from its mouth up to "the place called the Mill Dam at the head of the race, made by Captain J. A. Sutter for the erection of a grist-mill." (Stats. 1850, p. 100.) In 1851 a new act was passed repealing the act of 1850, and declaring the American River navigable from its mouth to the town of Brighton. (Stats. 1851, p. 422.) In 1853, and again in 1854, the act of 1851 was amended, and by both of these amendatory acts the American

River was declared navigable from its mouth to the "lower ford," which is said in respondent's brief to be the site for the erection of the bridge in controversy. (Stats. 1853, p. 182, and Stats. 1854, p. 81.) In 1860 and 1861 the act of 1854 as amended in 1853 and 1854 was further amended, and by these acts the American River was entirely dropped ·from the list of navigable streams. (Stats. 1860, p. 168, and Stats. 1861, p. 274.) Many other acts, and among them section 2349 of the Political Code, have since been passed, declaring certain rivers and water-ways to be navigable, but in none of these acts is the American River named or referred to.

The question, then, is, What is the effect of this legislation? In *American River Water Co.* v. *Amsden*, 6 Cal. 443, the court, speaking of the same river, said: "In regard to the river under consideration, the statute declares it to be navigable up to a point which is below the dam of the plaintiffs. Thus by implication it is declared non-navigable above that place." This language seems to be applicable to the case in hand.

Here we have a stream which was by statute declared navigable up to a certain point, and then, by successive amendments to the statutes, the point was placed lower and lower down, until finally the stream was wholly omitted from the list of navigable waters. This shows that the attention of the legislature was directly called to the matter, that its action was direct and affirmative, and that by implication the whole stream has been declared non-navigable.

We therefore conclude that the American River is not a navigable stream or a "public way" within the meaning of any of the provisions of the codes, and that the judgment should be affirmed.

Vanclief, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Thornton, J., dissented.