[No. 19213.   Department Two.—July 26, 1894.]

A. T. CURRIER, RESPONDENT, *v.* F. C. HOWES ET AL., APPELLANTS.

DEDICATION OF ALLEY—EXTENT DESIGNATED BY FENCES—RIGHTS OF PURCHASERS—PRESUMPTION.—Where the owner of land lays off an alley through or extending into the land, and designates its boundaries and extent by substantial fences, and conveys lots bordering thereon, with an express grant of a right of way for egress and ingress through it, the rights of the purchasers will be presumed to extend to the limits of the alley thus designated.

ID.—LENGTH OF ALLEY—CONFLICT OF EVIDENCE.—Where the complaint alleges and the court finds that the alley dedicated extends along the entire rear or south line of plaintiff's lot, and there is a substantial conflict in the evidence as to whether the alley extended only from the street to the rear of the lot, or extended across the entire rear of the lot, and there is evidence sufficient to show that the alley in rear of the lot was fenced on the south side of the lot by the original owner of the land, and had been used as a passageway by the persons living along it, the finding will not be disturbed, although the testimony in the case is more than usually indefinite and unsatisfactory as to dates.

ID.—EASEMENT APPURTENANT TO ESTATE.—If an easement becomes appurtenant to an estate it follows every part of the estate into whosever hands the same may come by purchase or descent.

ID.—RIGHT OF WAY—SALE IN SEPARATE PARCELS.—Where the owner of land to which a right of way is appurtenant sells or devises it in separate parcels to different persons each of such persons acquires a right of way as appurtenant to his particular part of the land.

ID.—DEED OF EASEMENT—NONUSER—PRESCRIPTION.—Where an easement is acquired by deed no length of time of mere nonuser will operate to impair or defeat the right; and nothing short of a use by the owner adverse to the enjoyment of the easement, for the space of time requisite to create a prescriptive right, will restore the right granted.

ID.—MOTIVES OF GRANTOR IMMATERIAL—CONVEYANCE OF EXISTING RIGHT OF WAY.—Where an alley was constructed across the rear of a number

of lots by the owner it is immaterial whether it was laid out by the owner for the benefit of parties who should thereafter purchase lots bordering upon it or not, but having constructed it, and conveyed the abutting lots with a right of way through the alley, the right conveyed must be construed in favor of each grantee, to extend in the rear of the lot granted, as an existing fact, and such grantee may prevent the obstruction of the alley in the rear of his lot.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Allen, Conrey & Miller,* for Appellants.

*Brunson, Wilson & Lamme,* for Respondent.

SEARLS, C.—This is an action to restrain the defendants from obstructing an alley or private way, and from taking or holding possession thereof, excavating therein, or erecting buildings thereon, etc., and to recover damages for injury thereto.

The cause was tried by the court without the intervention of a jury, written findings filed, and judgment rendered thereon in favor of the plaintiff for ten dollars, as damages, and enjoining the defendants as prayed for in the complaint.

The defendants appeal from the final judgment, and support their appeal by a bill of exceptions.

In 1866 George O. Tiffany was the owner in fee and possessed of certain land in Los Angeles, bounded on the north by Third street, on the east by Spring street, and on the west by Fort street, now known as Broadway, which land he subdivided and sold in lots to sundry persons.

Either for his own convenience, or to enhance the price of lots, or from some other cause, said Tiffany laid out an alley, ten feet in width, from Fort street, running east and extending either to the rear of lot 13, or across the entire rear of lot 13, where it terminates in a *cul de sac;* in other words, it is a blind alley open at one end only.

Plaintiff and the defendants here, or some of them, are seised and possessed of lots in this tract of land, holding by sundry mesne conveyances under said Tiffany.

As there is no question made in regard to the regularity of the chain of title from Tiffany to the parties herein, for brevity sake it may be said plaintiff is seised of a lot, or lots, of land, bounded on the north by Third street, and extending southerly to the line of the alley, under a deed executed May 16, 1874, by said Tiffany, which contains the following clause:

" Also the right of passage by alleyway ten (10) feet wide from Fort street to the rear of said lot for passage to and from said lot, but for no other purpose."

Or as contained in a deed from the same grantor, executed June 5, 1874, to remedy some supposed defect in the former deed:

" This conveyance to include the right of passage of alleyway ten (10) feet wide from Fort street to the rear of the premises hereinbefore described, for passage to . and from, but for no other purpose."

Defendants are seised and possessed under Tiffany by conveyance executed October 12, 1876, of a lot or lots, fronting on Spring street, and extending back west along the south line or rear of plaintiff's lot, and are the owners and holders of the fee of the alleyway.

The several conveyances relating to title were duly recorded at or about the date of their execution.

Defendants about October, 1889, entered upon the east forty to forty-five feet of what is claimed to be the alleyway, and commenced the construction of a brick building thereon, which, if completed, will occupy the whole of the same along the rear or south line of plaintiff's lot, except fifteen to twenty feet thereof at the southwest corner thereof.

The case as presented involves two principal questions:

1. The first being whether, as a matter of fact, the alleyway extended from Fort street to and along the

entire rear or south end of plaintiff's lot to the southeast corner, or whether it terminated at or near. the southwesterly corner thereof.

2. As to the construction to be given to the clause in the deed of conveyance whereby plaintiff is granted the right of passage through the alley.

As to the first question it may be said that the allegation of the complaint is, that the alley extends along the entire rear or south line of plaintiff's lot, which is sixty feet in width.

The finding of the court sustains the allegation. This finding, like most of the others, is challenged by the defendants as not being sustained by the evidence.

It must be admitted that the testimony in the case is more than usually indefinite and unsatisfactory. It would throw much light upon the case if it fixed the dates of facts more particularly.

The testimony as it is tends to show that, commencing with 1872, Tiffany began to sell lots bounded by this alley, and continued so to do for say five years, during which time he sold all the land bordering on the alley in question, consisting of seven or eight lots, in all of which cases, except two, he granted a right of way through this alley by deed, and in the excepted cases he granted the fee to the alley, and in one of them such fee was granted subject to the easement.

It also appears that the alley in rear of plaintiff's lot was fenced throughout, and on both sides, from the southeast corner of plaintiff's lot to Fort street prior to 1879 or 1880, but the time at which such fence was constructed does not appear. The plain inference is, that it was so fenced at least on the south side by Tiffany, as the fact does appear that it was fenced when the land now owned by defendants vested in his immediate grantee under a mortgage in 1879, and the evidence tends to show that it has been bounded by fences ever since, except as to unimportant breaks.

There was also testimony going to show that the alley has been used for the purposes of ingress and

egress, and as a passageway by the persons living along it, the defendants included.

The evidence was sufficient to support the finding. There was certainly a substantial conflict in the evidence, and as we are not authorized in such cases to disturb the findings of the court below, it can subserve no useful purpose to state the testimony of defendants or to comment upon it.

It has been held by this court that where lots are laid off and sold as per a map fronting upon what purports to be a street, it amounts to a dedication of the street as to the purchasers. (*Stone* v. *Brooks*, 35 Cal. 489; *People* v. *Reed*, 81 Cal. 70; 15 Am. St. Rep. 22; *Archer* v. *Salinas City*, 93 Cal. 43.)

It must follow upon principle that where the owner of land lays off an alley through or extending into said land, and designates its boundaries and extent by substantial fences, and conveys lots bordering upon such alley with an express grant of a right of way for egress and ingress through such alley, the rights of the purchasers will be presumed to extend to the limits of the alley thus designated.

2. As to the second proposition, the contention of the defendants and appellants is, that the grant of a right of passageway for passage "to and from said lot" cannot be construed so as to grant a right of way *along* the whole length of the rear of the lot when the language is *to and from* the rear. *Brossart* v. *Corlett*, 27 Iowa, 288, and *Somerset* v. *Great Western Ry. Co.*, 46 L. T., N. S., 883, are cited in support of this contention. The case last cited is not at hand.

*Brossart* v. *Corlett*, 27 Iowa, 288, was a case in which one Lyon, the owner of certain lots in a block of land in Iowa City, sold a portion thereof and conveyed with the following reservation to himself:

"The said Lyon reserving to himself, his heirs, and assigns the right of way to and through said above-described premises for wagons and foot passengers, *from*

*Washington street to the eastern boundary* of his (Lyon's) premises situate on said lots 5 and 6, forever."

The object of the action was to have a way opened over the land conveyed by Lyon not only to the eastern boundary thereof, but along the line of his own land and upon that conveyed. Defendant had judgment, and on appeal such judgment was affirmed.

The court said:

"The rule, we grant, is that an easement appurtenant to an estate is so to every part thereof, whatever the subdivision at the time or subsequently. But it is just as true that the servient estate is not to be burdened to a greater extent than was contemplated at the time of the creation of the easement."

The court then proceeds to reason that in the light of the surrounding circumstances, one of which was the construction given by the parties to the reservation by their acts for eight to seventeen years, the language used must be, under the circumstances of that case, construed to mean to the line of plaintiff's land, *and not along such line after reaching it.* Dillon, C. J., dissented from the majority of the court.

It will be observed that the above case was one in which the grantor reserved a right of way or easement in land conveyed by him, and that in such cases covenants and reservations in case of doubt are construed more strongly against the covenantor or grantor.

The general principle is "that if an easement becomes appurtenant to an estate it follows every part of the estate into whomsoever hands the same may come by purchase or descent." (Washburn on Easements, 4th ed., 42.)

And where the owner of land to which a right of way is appurtenant sells or devises it in separate parcels to different persons it is held that each of such persons acquires a right of way as appurtenant to his particular part of the land. (*Lansing* v. *Wiswall*, 5 Denio, 213; *Watson* v. *Bioren*, 1 Serg. & R. 227; *Codling* v. *Johnson*, 9 Barn. & C. 933; *Hills* v. *Miller*, 3 Paige, 254.)

And if, as in this case, the easement is acquired by deed, no length of time of mere nonuser will operate to impair or defeat the right. Nothing short of a use by the owner of the premises over which it was granted, which is adverse to the enjoyment of such easement by the owner thereof, for the space of time requisite to create a prescriptive right, will destroy the right granted. (Washburn on Easements, 4th ed., 717, 718, and cases cited.)

The court having found that the alley in question, extending across the rear of the plaintiff's lot, was laid out by George O. Tiffany, the owner of all the land in question, "for the use and occupation of such persons as might thereafter purchase parts or portions of land fronting or bounded by said lane or alley," etc., and the said Tiffany having conveyed the lot owned by plaintiff with the right of ingress and egress, as hereinbefore specified, the conclusion is irresistible that plaintiff is entitled to ingress and egress to and along the entire rear line of the lot so conveyed, and that the attempt of defendants to construct a building upon a portion of such alley in rear of plaintiff's lot was in violation of his easement or right of way therein. Appellant claims that the testimony fails to show that the alley was laid out by Tiffany for the benefit of parties who should thereafter purchase lots bordering upon it. We may concede the point, and the fact remains, that there was evidence to show that he laid out the alley for that or some other purpose, and having done so, and conveyed the abutting lots with a right of way through the alley, the same result follows. It was there as a patent fact, and the right conveyed in view of the facts must be construed in favor of plaintiff to extend to it as such existent fact.

There was evidence that at one time a chicken-house about fifteen feet by ten was constructed upon the extreme easterly end of the alley by placing a roof upon the fences and by a partition at the west end thereof, and that it was finally removed by the owner of the

fee of the alley, but how long it remained cannot be determined from the testimony, as neither the date of its construction or removal is given.

This was doubtless evidence tending to show that the land was not subject to an easement, but it was by no means conclusive. The same may be said of an orange or lemon tree, or both, said to have stood in the alley.

There were three exceptions taken to the introduction of evidence, none of which are important, and, as they are not urged here by appellant, they need not be discussed.

The judgment appealed from should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFARLAND, J., HARRISON, J., GAROUTTE, J.