[S. F. No. 4931.   Department Two.—March 26, 1909.]

## M. F. TARPEY, Respondent, v. T. H. LYNCH, Appellant.

EASEMENT—WATER-RIGHT FOR ENTIRE TRACT—CONVEYANCE OF PORTION NOT ATTINGENT TO DITCH—RIGHT TO EXTEND DITCH OVER GRANTOR'S LAND.—When an owner of land, to all of which there is appurtenant as an easement the right to the use of water from a ditch extending along one of its boundaries, conveys a portion of the land not attingent to the ditch, together with an interest in the appurtenant water-right, the easement became appurtenant to the segregated portion, and if in the exercise of the enjoyment of such easement it became proper to carry a ditch to the land sold over any portion of the original estate, such estate became the servient tenement for that purpose.   The single restriction upon such method of enjoyment is that the extension ditch should be constructed so as to create the least practical interference with the freehold of the servient tenement.

ID.—POSSIBILITY OF CONDUCTING WATER OVER OTHER LANDS OF GRANTEE.—The right to such mode of enjoyment of the easement is not affected by the fact that the grantee of the segregated portion of the land owned other land across which it might be possible for him to convey the water from the ditch supplying the water to the original tract.

APPEAL from a judgment of the Superior Court of Fresno County.   George E. Church, Judge.

The facts are stated in the opinion of the court.

M. K. Harris, for Appellant.

Frank H. Short, and F. E. Cook, for Respondent.

HENSHAW, J.—This is an action for an injunction to restrain defendant from interfering with plaintiff's use of a ditch extending over defendant's lands and used by plaintiff to convey water for the irrigation of his own lands.   Plaintiff had judgment and defendant appeals.

Plaintiff's land is the northwesterly ten acres of section 28. By government subdivisions it is the northwest quarter of the northwest quarter of the northwest quarter of section 28.   It is a segregated part of the westerly half of the northwest quarter of this section.   This eighty acres, comprising the

westerly half of the northwest quarter was owned by H. S. Crocker. He purchased from the Fresno Canal and Irrigation Company water and a water-right for use upon this land, and by the terms of the deed this water-right became appurtenant to the land. Subsequently Crocker conveyed his eighty acres to Lynch, defendant herein, "together with the water-right and water supply for said land, etc." While so owning this eighty acres, Lynch, in April, 1903, conveyed to plaintiff the ten acres above described, "together with the appurtenances, and particularly a one-eighth interest in the water-right which is appurtenant to the west one half of the northwest quarter of said section 28." Some years prior to the purchase by plaintiff, there was in existence a ditch carrying water from the supply of the Fresno Canal and Irrigation Company coming from the east westwardly along the northerly line of section 28 and ending at the northeast corner of the Crocker-Lynch eighty-acre tract. There was a continuation of this ditch for some distance southerly along the easterly line of the eighty-acre tract, and water had been distributed over the eighty-acre tract from this ditch through temporary channels made by plow furrows. The land sloped downward southerly and westerly. Subsequent to the purchase by plaintiff his ten acres were leased to defendant, and the ditch along the northerly line of section 28 was still further extended along that line, until it reached the ten acres. The land and ditch were used by defendant under his lease for irrigating rooted vines, which were subsequently transplanted. Thereafter, when plaintiff attempted to use this ditch to irrigate his ten acres, or to extend the ditch from the northeast corner of the Crocker tract over the lands of defendant so as to irrigate his lands, defendant interfered, denying his right to enter upon his land to construct such ditch. This action resulted.

Against the judgment appellant invokes the familiar rule expressed in section 1104 of the Civil Code to the following effect: "A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed."

Under the provisions of this section and of the numerous adjudications recognizing the same principle he contends that respondent's rights to an easement are governed entirely by the physical conditions as they existed at the time when he acquired the ten acres; that by the severance of this ten acres the only easements or servitudes created by and passing by implication with the grant were those corresponding to the benefits or burdens existing at the time of the sale (*Quinlan* v. *Noble,* 75 Cal. 252, [17 Pac. 69].) Applying this principle to existing conditions appellant argues that as the ditch did not extend to the Tarpey ten acres when that land was sold, but extended only to the northeast quarter of the eighty acres, there passed to the ten acres no right to extend the ditch over the lands of the grantor in order that the grantee might avail himself of the water-right which admittedly was conveyed as appurtenant to the land. Appellant's position in other language then is this, that notwithstanding a ditch had been brought to a corner of the eighty acres and water had been distributed over the eighty acres, including the ten acres, through temporary channels sufficient for the purpose of distribution while the eighty acres was held under one ownership, yet when ten acres not attingent to the ditch had been sold with the water-right, the grantee could not exercise his right by means of an extension of the ditch, although all of the land contiguous to the ditch or its existing extensions could use it. Such, however, is not the law. It is not in serious dispute that there was an easement in the use of the ditch appurtenant to the eighty acres, and that for the purposes of the eighty acres while held in single ownership no permanent extension of the ditch was required. But when the land was segregated and a separate parcel sold, the easement became appurtenant to the segregated portion. If in the exercise of the enjoyment of this easement it became proper to carry a ditch to the ten acres over any portion of the original estate, such estate became the servient tenement for this purpose. (*Currier* v. *Howes,* 103 Cal. 431, [37 Pac. 521]; 4 Washburn on Easements, p. 42.) Nor is the grantee's right under such circumstances to be confounded with the grant of a right of way for ingress and egress created by necessity as an easement appurtenant to the granted lands over the original estate. This is not an easement of necessity having its origin

in necessity and ending when the necessity ceases. It is a right arising in grant and founded upon the condition of things existing when the grantee purchased. Until the eighty-acre estate was divided the ditch at its northeast corner which was extended some distance southerly along its easterly line was sufficient for the purpose of irrigating the whole tract. When a detached ten acres was sold there went with it the water-right and by necessary implication the right to employ proper means to convey water in the enjoyment of that right. The single restriction upon the method of enjoyment is that the extension ditch should be constructed so as to create the least practical interference with the freehold of the servient tenement. That such were the means employed in this case admits of no doubt for the extension ditch was constructed along the north line of section 28, to a considerable extent in the county road, and was in fact constructed by defendant himself the owner of the servient tenement during the time when he leased and himself desired to put water upon this ten acres.

Section 28, to the north and separated from section 21 only by a county road between the two sections, is owned by plaintiff and is planted to vineyard. One of the ditches of the Fresno Canal and Irrigation Company extends east and west along the northerly line of section 21. It is argued that as plaintiff owned section 21 he could carry the water from the ditch of the Fresno Irrigation Company over his section 21 and so to his ten acres in section 28. But the fact that plaintiff happened to own section 21 is an accidental circumstance having no bearing upon the controversy.

A ditch extends along the westerly line of sections 28 and 21 known as the Egger's ditch. It is argued that plaintiff should be compelled to take his water from this ditch. This argument is likewise for the reasons above given foreign to the consideration, but in addition, it is in evidence and it is found by the court that it would be practically impossible to irrigate the land by this ditch which extends along the lowest side of the ten acres.

For these reasons the judgment appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.