[Civ. No. 486. First Appellate District.—October 25, 1913.]

## CITY AND COUNTY OF SAN FRANCISCO, Respondent, v. CHARLES MAIN et al., Defendants; FLORA B. MacDERMOTT, Defendant and Appellant.

NAVIGABLE WATERS—TERMINATION OF NAVIGABILITY—SUIT TO QUIET TITLE.—In this action by the city and county of San Francisco to quiet title to land formerly lying in the bed of Mission Creek, and subsequently known as Channel Street, the evidence shows that Mission Creek ceased to be navigable prior to December 27, 1867, the date when the land now owned by the defendant passed from the ownership of San Francisco to the defendant's predecessor in interest, and hence that no right of way over the creek as a navigable stream ever passed to the defendant's predecessors.

ID.—NAVIGABILITY OF STREAM—HOW DETERMINED.—Whether or not a stream is navigable is a question of fact, at least in the absence of a legislative declaration as to its navigability, and is determinable by its practical utility for navigation during ordinary stages of water at any particular time.

EASEMENT—EXTINCTION THROUGH NONUSER AND ADVERSE POSSESSION.— While the mere nonuser of an easement acquired by grant for any period of time will not of itself operate to extinguish it, yet when such nonuser is coupled with an actual and physical interference with its exercise and with an adverse possession of the servient tenement for the period prescribed by law, the easement will be extinguished by the statute of limitations.

ID.—PUBLIC STREET—CLOSING BY CITY—RIGHTS OF ABUTTING OWNER LOST BY LIMITATIONS.—Where a city formally and physically closes a street, constructs valuable improvements therein, and maintains adverse possession of the land to the exclusion of any right of easement therein by an adjacent property owner, his right to an easement is barred by limitations after the lapse of ten years.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Pringle & Pringle, and W. S. Andrews, for Appellant.

Percy V. Long, City Attorney, and Harry G. McKannay, Assistant City Attorney, for Respondent.

RICHARDS, J.—This is an action brought by the city and county of San Francisco to quiet title to a tract of land lying in what was formerly the bed of Mission Creek, between Tenth and Eleventh streets, and forming a part of the southern boundary of the lands of the appellant herein.

The defendant, Charles Main, permitted judgment to go against him by default; but the defendant, Flora B. MacDermott, appeared, and filed her answer and cross-complaint, wherein she averred that she was entitled to an easement over the lands in question based upon two distinct claims of right, the first being that Mission Creek was and continued to be a navigable stream until a time after the date when her predecessors acquired title to the lands she now owns from the plaintiff herein; and the other claim being that after Mission Creek ceased to be navigable it became, and for some years continued to be, a public street known as Channel Street; that while thus open as a public street the predecessors in interest of the appellant had the right of ingress and egress to and from the land she now owns along and upon it; and that the said street having been closed without her consent and without payment of the compensation which the constitution provides shall be prepaid when private property is taken for public use, she is still entitled to her right of way over said property.

The plaintiff's answer to the cross-complaint of said defendant consists of specific denials of its averments, and also of a plea of the statute of limitations.

In so far as the claim of the appellant to an existing right of way over the lands in question is based upon the fact that Mission Creek was once a navigable stream, we think it is fairly deducible from the evidence that Mission Creek had ceased to be a navigable stream prior to December 27, 1867,

the date when the lands now owned by the appellant first passed from the ownership of the city of San Francisco to James Dows, the original grantee thereof. Whether or not a stream is a navigable stream is a question of fact, at least in the absence of a legislative declaration as to its navigability, and is determinable by its practical utility for navigation during ordinary stages of water at any particular time. (*Cardwell* v. *County of Sacramento,* 79 Cal. 347, 349, [21 Pac. 763].) It appears from the transcript that Mission Creek was finally and effectually closed to navigation at least as early as 1864, when the railroad was built across it. This was while the city of San Francisco was still the owner of the land which the appellant now owns. It necessarily follows that no rights of way over Mission Creek as a navigable stream ever passed to the predecessors in interest of appellant.

As to the second contention of appellant, the record discloses the undisputed fact to be that on or about the sixteenth day of October, 1876, the city and county of San Francisco physically closed to public use that portion of Channel Street which occupied the bed of Mission Creek and bounded on the south the lands now owned by the appellant, and thereby obstructed and prevented all use of the same by the predecessors in interest of the appellant for ingress to and egress from the property now owned by her; and that by so doing whatever right or rights of way appellant or her predecessors in interest may have had in or over the lands in question were and ever since have been obstructed, interfered with and physically taken away.

It is conceded that this continued interference with appellant's right or rights of way was without her consent; but the fact also appears that for a period of more than ten years from and after the date of the closing of Channel Street, and obstruction and denial of appellant's right or rights of way therein, no legal or other action of any kind was ever taken by appellant in the way of insisting upon her rights in the premises. During all of this time the city and county of San Francisco put the property in question to uses entirely inconsistent with the recognition, existence, or exercise of appellant's right of way over the same. The respondent now contends that the claim which the appellant here asserts to an

existing right or rights of way over said property is barred by the statute of limitations.

In response to this contention the appellant insists that the act of the city and county of San Francisco in closing Channel Street, and thus destroying appellant's use of the same, amounted to the taking of her property for a public use; and that since the constitution of the state forbids the taking of private property for public use without compensation first being made for the property thus sought to be taken; and since no compensation has ever been offered or made in the manner provided by law for her right or rights of way thus obstructed and attempted to be destroyed, she still retains and may now assert the same under the protection of this constitutional guarantee. In support of this view appellant cites the case of *Bigelow* v. *Ballerino,* 111 Cal. 559, [44 Pac. 307]. An examination of that case, however, will show that no question of the application of the statute of limitations was presented by either the pleadings or proofs, and that the court was not called upon to decide the question presented in this case. The question here presented is whether, notwithstanding the constitutional right of an owner of private property to insist that his property shall not be taken or damaged for public use without compensation first having been made and paid therefor in the manner provided by law, he may not lose this right of property by permitting the period prescribed by the statute of limitations to run after and during the actual taking of the property and destruction of the easement by physical interference with its exercise, without any effort on his part to assert his right of property or object to its spoliation.

It would seem to be well settled law that while the mere nonuser of an easement acquired by grant for any period of time will not of itself operate to extinguish it, yet when such nonuser is coupled with an actual and physical interference with its exercise and with an adverse possession of the servient tenement for the period prescribed by law, the easement will be extinguished by the bar of the statute of limitations. (Washburn on Easements, 4th ed., 717, 719; Jones on Easements, sec. 865-6; *Currier* v. *Howes,* 103 Cal. 431, [37 Pac. 521].) That this is the rule between the private owners of dominant and servient tenements there can be no question.

Does this rule apply in favor of a municipal corporation in cases like the one at bar?

The right of municipal corporations to close public streets in the method provided by general laws or by their charters, and by so doing to extinguish the public right of way over the lands thereof, is no longer open to question; and there are some authorities which go so far as to hold that when the statutory method for closing streets has been followed, the right of abutting property owners is also extinguished, except in cases where the easement is shown to be essential as a means of using and enjoying the abutting property. (Jones on Easements, sec. 542.) In view of the express requirement of our constitution, that private property shall not be taken or damaged for public use without compensation first being made, the rule in this state may not go so far,—and the facts of this case do not require it. The evidence herein clearly shows that in the year 1876 the municipal authorities not only formally, but actually and physically closed Channel Street, and have ever since maintained the adverse possession of the lands formerly occupied by such street to the exclusion of appellant and her predecessors in interest from the exercise of any right or easement therein; and that this exclusion and adverse possession on the part of respondent continued for at least ten years, during all of which time appellant took no action of any kind in the way of an assertion of her easement. During this period also the respondent erected public buildings and constructed valuable and permanent improvements upon the property, the destruction or removal of which would be required if the present tardy assertion of appellant's alleged easement were to be upheld. Under these circumstances the easement of appellant in and over said lands must be held to have been long since barred by the statute of limitations. This is the rule as between private owners of dominant and servient tenements. That it is also the rule as between the private owner of a dominant tenement claiming an easement in public property, with respect to which its owner, a municipal corporation, has done all of the acts, and claimed and exercised all of the rights essential to establish adverse possession against the assertion of the easement, during the statutory period required in order to support a plea of the statute of limitations, is amply supported by authority. (Dillon on

Municipal Corporations, 5th ed., secs. 978 (note), 1125, 1188, 1262 and cases cited.)

It follows that the judgment must be affirmed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.