[Civ. No. 25244.  First Dist., Div. Two.  Oct. 21, 1969.]

BARBARA HERBERT, Plaintiff and Appellant, v. RAYMOND C. RUSSELL et al., Defendants and Respondents.

**COUNSEL**

Halley, Cornell & Wollenberg and Robert H. Cornell for Plaintiff and Appellant.

Landels, Ripley, Gregory & Diamond and Greig A. Gowdy for Defendants and Respondents.

**OPINION**

**SHOEMAKER, P. J.**—Plaintiff Barbara Herbert brought this action against defendants Raymond and Lorna Russell to quiet her title to certain parcels of real property and to obtain a judicial determination as to the extent, if any, that her property was burdened by an easement for light and air benefiting certain property owned by defendants.

Following a trial without a jury, the court made the following findings of

fact: Prior to July 1, 1957, Larkin Development Company was the owner of three adjoining parcels of San Francisco real property. By a deed dated July 1, 1957, which deed was duly recorded, Larkin Development Company conveyed one of said parcels (hereafter referred to as Parcel 1) to plaintiff. Said deed reserved to the grantor or its assigns "a perpetual easement for light and air over and above the existing improvements as they now stand [on Parcel 1], or in event the existing improvements are demolished, the easement shall be over and above a horizontal plane passing through a point at the Green Street curb level situate on the North line of Green Street 235 feet easterly from the easterly line of Fillmore Street." The deed further provided that said easement was to be appurtenant to the two remaining parcels of real property (hereafter referred to as Parcels 2 and 3) still owned by Larkin Development. Subsequently, by a deed dated July 17, 1957, and also duly recorded, Larkin Development Company conveyed Parcel 2 to plaintiff, specifically providing in said deed that the easement for light and air reserved in the deed conveying Parcel 1 to plaintiff was to be retained as appurtenant both to Parcels 2 and 3. By deed dated July 26, 1957, and duly recorded, Larkin Development Company conveyed Parcel 3, together with the easement for light and air reserved in the deed of Parcel 1, to certain parties by the name of Larsen. By deed dated February 26, 1958, and duly recorded, the Larsens conveyed Parcel 3 and the above-mentioned easement to defendants.

Based upon the aforesaid findings, the court adopted the following conclusions of law: that defendants were the owners of Parcel 3, together with an appurtenant easement for light and air precisely as defined in the deed of Parcel 1 from Larkin Development Company to plaintiff; that plaintiff was the owner of Parcel 1 subject to said easement; that said easement was not an unreasonable burden upon Parcel 1, was indivisible and was precisely defined as to its scope and extent by the language contained in the deed conveying Parcel 1 to plaintiff.

Judgment was entered accordingly and this appeal was taken.

Plaintiff had contended at the trial that the easement should be apportioned, pursuant to Civil Code, section 807, between Parcels 2 and 3. Plaintiff also produced expert testimony to the effect that if she were allowed to construct apartment buildings on Parcel 2 and a portion of Parcel 1 in such a way as to violate the express terms of the easement on the latter parcel, such construction could nevertheless be accomplished in such a manner as to result in no alteration of the light and air available to defendants' Parcel 3. As additional evidence, the court also visited and viewed the premises.

However, the trial court made no findings relative to any of the above evidence, apparently deeming such evidence irrelevant in view of its

finding and conclusion that the easement on Parcel 1 was indivisible and therefore not subject to apportionment between the two dominant tenements, Parcels 2 and 3.

The court also denied plaintiff's request for findings to the effect that the dominant tenement benefited by the easement was partitioned when Parcel 2 was deeded to plaintiff; that Parcel 3 did not receive light and air from that portion of Parcel 1 lying west of a northerly extension of the boundary lines of Parcels 2 and 3; and that by virtue of the partition of the dominant tenement the burden of the easement on Parcel 1 was apportioned between Parcels 2 and 3 in such a manner that that portion of Parcel 1 lying to the north and east of Parcel 3 became burdened with an easement of light and air in favor of Parcel 3 only, and that portion of Parcel 1 directly north and west of Parcel 2 became burdened with an easement of light and air in favor of Parcel 2 only.

Plaintiff asserts that it is the established rule, both in this state and in other jurisdictions, that easements appurtenant are readily apportionable when the original dominant tenement is subdivided and that, upon such subdivision, the owner or assignee of any portion of the dominant estate may assert his rights under the easement so far as it is applicable to his part of the property. (3 Powell on Real Property, § 418, p. 526.4; 28 C.J.S., Easements, § 65, subd. (b), p. 732; 17 Cal.Jur.2d (rev.), Easements, § 33, p. 176.) In California, the general rule of apportionment is set forth in Civil Code, section 807, which provides that "In case of partition of the dominant tenement the *burden must be apportioned according to the division of the dominant tenement,* but not in such a way as to increase the burden upon the servient tenement." (Italics added.)

In *Leggio* v. *Haggerty* (1965) 231 Cal.App.2d 873, 881 [42 Cal.Rptr. 400], the court discussed the above mentioned rules with regard to the apportionment of an appurtenant easement for certain water rights. The court went on to point out that one who had a partial or limited interest in the dominant tenement could obviously release the easement as against himself and also rejected the contention that the remaining dominant tenement was entitled to 100 percent of the burden carried by the servient tenement prior to subdivision of the dominant tenement (p. 884).

Defendants take the position that apportionment, as authorized under Civil Code, section 807, must be limited to situations where increased use of the easement would add to the burden already imposed upon the servient tenement. However, the cases relied upon by defendants (*Russell* v. *Palos Verdes Properties* (1963) 218 Cal.App.2d 754, 772 [32 Cal.Rptr. 488]; and *Currier* v. *Howes* (1894) 103 Cal. 431, 436 [37 P. 521]) do not support their position, and *Leggio* v. *Haggerty, supra,* contains language directly to the contrary.

Although the *Leggio* case, as noted above, did not involve an easement for light and air, but rather an easement for water rights, there would appear to be no logical basis for distinguishing the case on that ground.

In the instant case, the trial court found that the deed conveying Parcel 1 to plaintiff, and reserving an easement of light and air over said parcel, provided that the easement should be appurtenant to both Parcels 2 and 3. Under such circumstances, it is certainly possible that the limitations imposed by the easement were to some extent beneficial only to Parcel 2. If such be the case, it would appear to follow that when plaintiff acquired Parcel 2 and the corollary right to release the easement as against herself, defendants were no longer entitled to insist upon strict compliance with the precise terms of the deed creating the easement or, in the language of the *Leggio* case, to claim for the benefit of Parcel 3 100 percent of the burden carried by Parcel 1 prior to subdivision of the dominant tenement.

In view of the fact that plaintiff did produce evidence to the effect that deviation from the express terms of the easement imposed on Parcel 1 would not, if accomplished in a particular manner, alter the light and air available to Parcel 3, it was incumbent upon the trial court to have evaluated this evidence and allowed defendants, if they so desired, to produce evidence to the contrary. Instead, despite plaintiff's requests for findings to that effect, the court refused to determine to what extent the easement on Parcel 1 benefited Parcel 2 alone, or Parcel 3 alone, and disposed of the case merely by determining that the easement was by its very nature indivisible and not subject to apportionment. The trial court's findings, coupled with its refusal to make the specific findings requested by plaintiff, demonstrate that the court made no attempt whatever to determine, on the evidence before it, whether apportionment of the easement on Parcel 1 could or could not be fairly accomplished while in no way altering the light and air available to Parcel 3.

The judgment is reversed, with directions to the trial court to proceed in the manner outlined.

Agee, J., and Taylor, J., concurred.