Filed 10/22/24 Noyes v. Davis CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| HENRY S. NOYES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>STANLEY D. DAVIS, et al.,<br><br>        Defendants and Appellants. | A167787<br><br>(Sonoma County Super. Ct.<br> No. SCV-267919) |

More than 100 years ago, neighboring landowners in Healdsburg created an express easement for right of way that ran with the land and that allowed the benefitted neighbors to travel over and across the property of the burdened neighbors to reach a county road. In this quiet title and declaratory relief action, plaintiff Henry S. Noyes, who owns property that was once part of the benefitted neighbors' land, asserts this express easement for right of way is appurtenant to and benefits his property. The trial court granted summary judgment in favor of Noyes, and judgment was entered.

Appellants (defendants below) do not dispute that an easement for right of way exists, but they contend the trial court ignored the issues and claims framed by the pleadings and evidence and erred in finding the evidence establishes that the easement at issue benefits Noyes's property.

We find no error and affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

"[A]n easement is a nonpossessory ' "interest in the land of another that gives its owner the right to use the land of another or to prevent the property owner from using his land." ' " (*Kazi v. State Farm Fire and Cas. Co.* (2001) 24 Cal.4th 871, 880.) "An easement may be appurtenant or in gross. It is appurtenant when it is attached to the land of the owner"; an easement "is in gross [when it] is not attached to any particular land, but belongs to a person individually." (*Cushman v. Davis* (1978) 80 Cal.App.3d 731, 735 (*Cushman*).) "The land to which an easement is attached is called the *dominant* tenement; the land upon which a burden or servitude is laid is called the *servient* tenement." (Civ. Code, § 803, italics added.)

The following facts are undisputed. Over a century ago, Lottie Ewing and her husband A.M. Ewing owned a parcel of about 26 acres on Fitch Mountain (Ewing Property), and George and Margaret Stretter owned about 62 acres adjacent to the Ewing Property (Stretter Property).

By written easement agreement executed in 1912, the Stretters conveyed to the Ewings and " 'their heirs and assigns forever' " " 'a right of way for the purpose of passing and repassing on foot or with horses, beasts of burden, wagons, carts, motor cars, or other vehicles or carriages whatsoever' " to and from the Ewing Property " 'to the main County Road' " over and across a portion of the Stretter Property. (The parties here refer to this variously as the Ewing Road Easement or Ewing Easement, as do we.) Thus, the Stretter Property was the servient tenement burdened by the easement, and the Ewing Property was the dominant tenement that benefitted from the easement. The easement agreement between the Stretters and the Ewings was recorded in the official records of Sonoma County in December 1912.

Since the creation of the Ewing Road Easement in 1912, the 26-acre Ewing Property and the 62-acre Stretter Property have been divided, and portions of the properties have been conveyed to others. Plaintiff Noyes currently owns certain parcels that were once part of the Ewing Property (Noyes Property), about 8.47 acres in all.[1] Appellants own property that was part of the original Stretter Property.

Douglas Oakes and Margaret Oakes, like Noyes, also own property that was part of the Ewing Property (Oakes Property).[2] In the deed transferring the Oakes Property to the Oakes, the description of the property includes, "That certain 20 foot right of way and all easements and privileges granted thereunder as granted in the deed from George Stretter and Margaret A. Stretter his wife, to Lottie L. Ewing and A.M. Ewing, her husband by Deed dated December 9, 1912 and recorded in Liber 306 of Deeds, page 32, Sonoma County Records."

The deeds to the Noyes Property, however, do not describe or refer to the Ewing Road Easement.

*Complaint*

Noyes filed a verified complaint alleging he brought "this action to quiet title and confirm his interest in the easement which he and his predecessors-in-interest have used as their sole means of vehicular access to real property located on South Fitch Mountain Road in Healdsburg,

---

[1] According to the verified complaint, the Noyes Property was acquired from the Ewings by Noyes's grandmother and his great-great grandmother, through a series of separate recorded transactions between 1920 and 1926, as well as a small .004 acre parcel that Noyes's grandmother acquired separately in 1956.

[2] Noyes named the Oakes as defendants in his complaint, but no judgment was entered against them, and they are not parties to this appeal.

California, since the early 1920s."  He further alleged, "The subject easement has existed in the Sonoma County real property records since at least 1912, when it was recorded in Book 306 of Deeds, page 32.  That easement originally benefitted a 26-acre parcel owned by . . . [the Ewings] and burdened an adjacent 62-acre parcel owned by George Stretter and Margaret Stretter."

Noyes sought "[a]n order quieting title in favor of Plaintiff in the Ewing Road Easement" and "[a] declaration that Plaintiff is the owner of a dominant tenement by implication over the Ewing Road Easement, that Defendants' properties, and each of them, are the servient tenements of the Ewing Road Easement, that Plaintiff's use of the Ewing Road Easement for access and utilities purposes will not unduly burden the servient tenements or said easement; and that said easement is appurtenant to Plaintiff's property."

*Summary Judgment Motion*

Noyes moved for summary judgment.  Based on the premise that the Ewing Road Easement exists and is attached to all of the land of the original Ewing Property, he argued the Ewing Road Easement therefore benefits his property because (1) the Noyes Property is composed of parcels from the original Ewing Property and (2) there is no evidence the Ewing Road Easement was ever extinguished or terminated.  In his opening brief in support of his motion, Noyes asserted his rights in the easement "arose by the Stretters' express grant of the Ewing Easement to the Ewings in 1912."

Opposing the motion, appellants did not dispute that the Ewing Road Easement exists and did not dispute most of Noyes's factual assertions. Appellants argued an implied easement would be contrary to the express intent of the parties since "the prior owners of [Noyes's] parcels did not convey an easement for access to any of his parcels."  They also asserted the

4

Oakes Property was "situated at the very end of the Ewing Easement," "anyone purchasing a property on the Ewing Easement would and could assume that development in the area was confined, and that the extent of use and traffic on the road ended with the Oakes," and "[g]iven changes in planning, zoning, and regulations in the area, any use by Plaintiff of an implied easement over [the] Ewing Easement would necessitate a dramatic change in the character of that road."[3]

*Trial Court Ruling*

In a written ruling, the trial court granted Noyes's motion for summary judgment. It found no dispute that an express easement was created in 1912 with the Ewing Property as the dominant tenement which benefitted from an easement for right of way on the Stretter Property (the servient tenement).

The court quoted Civil Code section 807, which generally provides that when land with an appurtenant easement is divided into parcels, the benefit of the easement is apportioned among the parcels.[4] It reasoned: "Subsequent

---

[3] Appellants also introduced evidence of written communication between the Oakes and Noyes's predecessors in interest (his grandmother and father) in the Noyes Property, which they asserted showed "Plaintiff's predecessors were well-aware they did not have access rights to the Noyes Parcel" as "they would seek permission to use the roadway to reach their parcels during rare and sporadic visits." But this is beside the point for the issue before us because the Oakes Property was part of the Ewing Property (which benefitted from the Ewing Road Easement), *not* the Stretter Property (which was burdened by the easement). That Noyes's predecessors in interest may have sought permission to pass over the Oakes Property in no way suggests Noyes's predecessors did not have rights over the Ewing Road Easement, which burdens portions of the Stretter Property only.

[4] Civil Code section 807 provides in full, "In case of partition of the dominant tenement the burden must be apportioned according to the division of the dominant tenement, but not in such a way as to increase the burden upon the servient tenement."

5

conveyances of the Ewing Property may have failed to mention the status of the Ewing Property as the dominant tenement, but that fact alone is insufficient to extinguish the rights under the 1912 Conveyance, as dominant tenement deeds do not have to mention the existence of appurtenant easements for the easement to be effectively conveyed. *Moylan v. Dykes* (1986) 181 Cal.App.3d 561, 568. Plaintiff has shown the creation of the express easement, and its subsequent recordation. This is adequate to show the existence of the express easement at summary judgment. Defendant have not provided any evidence that the Easement was extinguished at any time . . . ." The court noted appellants "offered no evidence of . . . increased burden on the Easement."

On January 26, 2023, judgment was entered in favor of Noyes and against appellants, all of whom, as we have noted, own land that was part of the Stretter Property.

## DISCUSSION

A.    *Claim of Procedural Irregularity*

Appellants contend the trial court erred in this case by "ignor[ing] both the issues and claims as framed by the pleadings and Appellants' evidence" when it ruled on the motion for summary judgment. (Capitalization omitted.) Appellants complain that Noyes's complaint alleged an implied easement, but the trial court determined Noyes had an express easement, thereby going beyond the scope of the pleadings.[5] We find no error.

---

[5] Easements are express when "created by express words, by grant or reservation, usually by deed." (*Cushman, supra*, 80 Cal.App.3d at p. 735.)

"[A]n 'easement will be implied when, at the time of conveyance of property, the following conditions exist: 1) the owner of property conveys or transfers a portion of that property to another; 2) the owner's prior existing use of the property was of a nature that the parties must have intended or

6

" 'The purpose of a summary judgment proceeding is to permit a party to show that material factual claims arising from the pleadings need not be tried because they are not in dispute.' [Citation.] 'The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues: the function of the affidavits or declarations is to disclose whether there is any triable issue of fact within the issues delimited by the pleadings.' " (*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381.) In deciding a summary judgment motion, "[t]he trial court must first ' " ' "identify the issues framed by the pleadings since it is these allegations to which the motion must respond." ' " ' " (*Jameson v. Desta* (2013) 215 Cal.App.4th 1144, 1162–1163.)

"No error or defect in a pleading is to be regarded unless it affects substantial rights." (*Buxbom v. Smith* (1944) 23 Cal.2d 535, 542.) "The primary function of a pleading is to give the other party notice so that it may prepare its case [citation], and a defect in a pleading that otherwise properly notifies a party cannot be said to affect substantial rights." (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 240; see *Shah v. Skillz Inc.* (2024) 101 Cal.App.5th 285, 312–313 [rejecting claim that a jury's award for damages should have been reduced because the plaintiff "did not 'properly' plead a breach of" a particular contract where the operative complaint "provided more than sufficient notice to [the defendant] that [the plaintiff] was seeking damages for breach of the" contract at issue].)

---

believed that the use would continue; meaning that the existing use must either have been known to the grantor and the grantee, or have been so obviously and apparently permanent that the parties should have known of the use; and 3) the easement is reasonably necessary to the use and benefit of the quasi-dominant tenement.' " (*Thorstrom v. Thorstrom* (2011) 196 Cal.App.4th 1406, 1420.)

Here, Noyes clearly alleged he had "rights to and interest in" an existing, written (that is, express) easement. In his complaint, he sought to "confirm his interest in" an easement, which he alleged "existed in the Sonoma County real property records since at least 1912, *when it was recorded* in" county records. (Italics added.) Further, Noyes attached and incorporated by reference "a copy of the recorded *document creating* the Ewing Road Easement." (Italics added.) He alleged, "the Ewing Road Easement exists over the property of Defendants" and it "is appurtenant to and benefits the Noyes property." These allegations put appellants on notice that Noyes sought an interest in the *express* easement created in 1912 by the Ewings and the Stretters.[6]

Appellants' contention that the trial court went beyond the issues framed by the pleadings when it found the Ewing Road Easement was an express easement appurtenant to the Noyes Property therefore fails.

B.     *The Merits of the Motion for Summary Judgment*

Next, appellants claim the trial court erred when it ruled Noyes has an express easement.

---

[6] At oral argument on the summary judgment motion, appellants apparently raised the claim that the pleadings only gave notice that Noyes was seeking an implied easement. (The reporter's transcript of the hearing is not in the appellate record, but the trial court mentioned appellants' argument in its written ruling.) The trial court reached the same conclusion that we do, finding "The easement alleged by Plaintiff in the complaint is clearly express, despite his inclusion of implied easements in the body of the pleading." "Defendants had more than adequate notice that an express easement was at issue," given the factual allegations and exhibits attached to the complaint.

1. *Standard of Review*

A "motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "A plaintiff . . . has met his or her burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on the cause of action. Once the plaintiff . . . has met that burden, the burden shifts to the defendant . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (*Id.*, subd. (p)(1).)

We review an order granting summary judgment de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.)

2. Analysis

There is no dispute that the Ewings and the Stretters created an express easement in 1912 that burdened the Stretter Property and benefitted the Ewing Property; this is the Ewing Road Easement. Nor is there any dispute that the Ewing Road Easement is appurtenant, meaning it is attached to the land. Indeed, appellants acknowledge in their opening brief that if the Ewings had sold their 26-acre property, "the easement rights would have run with the land to" the Ewings' assigns.

The question is what happened to the easement when the Ewing Property was divided and transferred to new owners. Civil Code section 807 provides the answer: "In case of partition of the dominant tenement the burden must be apportioned according to the division of the dominant tenement, but not in such a way as to increase the burden upon the servient tenement." Our Supreme Court explained in 1894, "The general principle is 'that, if an easement becomes appurtenant to an estate, *it follows every part*

9

*of the estate*, into whomsoever hands the same may come by purchase or descent.' [Citation.] [¶] And, where the owner of land to which a right of way is appurtenant sells or devises it in separate parcels to different persons, it is held that each of such persons acquires a right of way as appurtenant to his particular part of the land." (*Currier v. Howes* (1894) 103 Cal. 431, 436, italics added.)

Consequently, when parts of the Ewing Property were sold in separate parcels to different persons, the owners of each such parcel (including Noyes's predecessors in interest in the Noyes Property) acquired the Ewing Road Easement "as appurtenant to [their] particular part[s] of the land." (*Currier v. Howes*, *supra*, 103 Cal. at p. 436.)

Appellants agree that when portions of the Ewing Property have been parceled and sold, the Ewing Road Easement continued to exist and *could* properly attach to the parcels sold to new owners. As they note, the Oakes acquired rights to the Ewing Road Easement when they purchased land that was part of the Ewing Property.

However, appellants appear to take the position that the deeds transferring portions of the Ewing Property to new owners were required to expressly provide that the Ewing Road Easement was being transferred along with the land in order to preserve the appurtenant easement. In other words, appellants seem to believe that an easement appurtenant to land is *extinguished* as to land that is transferred to another *unless* the transfer expressly provides that the appurtenant easement is transferred with the land. But the law is to the contrary.

Civil Code section 1084 provides in relevant part, "The transfer of a thing transfers also all its incidents, *unless expressly excepted . . . .*" (Italics added.) "Incidents" under the statute refer to "fixtures and appurtenances."

10

(*Drake v. Martin* (1994) 30 Cal.App.4th 984, 994.) "Easements, for example, are incidents which pass with the transfer of title to real property within the meaning of Civil Code section 1084." (*Ibid*.) Thus, when property with an appurtenant easement is divided into lots, the easement "attaches to each lot of the . . . property and passes to the grantee of each lot *regardless of whether it is described in the deed*." (*Kendall-Brief Co. v. Superior Court* (1976) 60 Cal.App.3d 462, 467, italics added.)[7]

In this case, the transfer of title to portions of the Ewing Property to Noyes's predecessors in interest transferred the appurtenant Ewing Road Easement by operation of law as there is no evidence that the Ewing Road Easement was expressly excepted. Given the evidence and the law, we conclude the trial court correctly found the Ewing Road Easement exists, it is appurtenant to the Ewing Property, and Noyes acquired a right to the Ewing Road Easement when he became the owner of portions of the Ewing Property.

Appellants argue that the rule of Civil Code section 1084 does not apply here because "no 'thing' was transferred—eight *new* things[8] were created and transferred, and an old thing was retained." This argument is unconvincing. The Ewing Road Easement "follows every part of" the Ewing Property, and when the Ewing Property was divided and parcels were transferred to others, the easement was likewise divided and appurtenant to each "particular part of the land." (*Currier v. Howes*, *supra*, 103 Cal. at p. 436; see Civ. Code, § 807.)

---

[7] We note that appellants acknowledge the law provides, " '[t]he conveyance of the dominant tenement transfers all appurtenant easements to the grantee, even though the easements are not specifically mentioned in the deed,' " quoting *Moylan v. Dykes*, *supra*, 181 Cal.App.3d at page 568.

[8] The "eight things" refers to the fact that Noyes owns eight parcels that were part of the Ewing Property.

Finally, appellants suggest in their reply brief that the trial court failed to undertake an inquiry into the burden on the servient tenements. (See Civ. Code, § 807.) We reject this argument as the trial court considered the issue, observing that although appellants have "waxed apocalyptic," they have "offered no evidence of . . . increased burden on the Easement." We note that appellants filed a response to Noyes's separate statement of undisputed material facts in support of his motion for summary judgment, in which they included six of their own "additional undisputed facts" based on their evidence, and these six statements do not raise a triable issue of fact regarding burden on the servient tenements.

## DISPOSITION

The judgment is affirmed. Noyes shall recover his costs on appeal.

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Desautels, J.


A167787, *Noyes v. Davis*