[No. 13820.   In Bank. — July 16, 1891.]

HENRY L. SPARGUR ET UX., RESPONDENTS, v. K. G. HEARD, JR., ET AL., APPELLANTS.

HUSBAND AND WIFE— ACTION RESPECTING WIFE'S SEPARATE PROPERTY — PARTIES — JOINDER OF HUSBAND. — A husband may be joined as plaintiff with his wife in an action which concerns her separate property.

PLEADING — SPECIAL DEMURRER — AMBIGUITY AND UNCERTAINTY. — A special demurrer to a complaint, assigning as a ground that it is ambiguous, unintelligible, *and* uncertain, is properly overruled if the complaint is not subject to each of the objections assigned.

DIVERSION OF WATER — INJUNCTION — DAMAGES — PLEADING — FINDINGS. — In order to sustain an injunction restraining the diversion of water belonging to the plaintiff, it is not necessary that any actual damage by

reason of the diversion should be alleged, or proved, or found, and a failure to find upon an issue as to the extent of actual damage is immaterial, if no damages are granted.

ID. — APPROPRIATION — RIPARIAN RIGHTS — WRONGFUL OBSTRUCTION — PERPETUAL INJUNCTION. — Where it appears that the plaintiff has ac-·quired a right to appropriate the waters of a stream as against the defendants, who are lower riparian owners, and that the defendants have wrongfully obstructed the flow of water into the plaintiff's ditch, and threatened to continue to do so, the plaintiff is entitled to a perpetual injunction, without proof of damages.

ID. — STATUTE OF LIMITATIONS — FINDINGS OF FACT — CONCLUSIONS OF LAW. — A finding that the plaintiff's cause of action is not barred by any of the sections of the Code of Civil Procedure specified in the answer cannot be disregarded as a finding of fact upon the issue presented, although placed among the conclusions of law.

ID. — PRESCRIPTIVE RIGHT TO APPROPRIATE WATER — USER ADVERSE TO RIPARIAN OWNERS — FINDINGS. — Findings that the grantor of the plaintiff appropriated and used a specified amount of the waters of a stream by means of a ditch for the purpose of irrigating his lands, and conveyed the lands, with the ditch and water right, to the plaintiff, and that for six years next succeeding said appropriation said water was used by the plaintiff and her grantor, and such use was, with the full knowledge of defendants' grantors, continuous, uninterrupted, peaceable, open, and notorious, under a claim of right adverse and in hostility to all, and particularly to the defendants and their grantors, sufficiently show a prescriptive right to divert the water as against the defendants and their grantors, and it is immaterial how long they may have been riparian owners of the fee.

ID. — PAYMENT OF TAXES. — Where it does not appear that any taxes were levied or assessed against the ditch and water right, no finding upon the question of taxes is necessary in order to sustain the prescriptive right.

APPEAL from a judgment of the Superior Court of Modoc County.

The facts are stated in the opinion.

*Spencer & Raker, Frank M. Sawyer,* and *Clarence A. Raker,* for Appellants.

Emma E. Spargur does not sue in any manner in her individual capacity, and cannot set up title in the complaint and recover judgment as Emma E. Spargur, when she sues and is joined as the wife and not otherwise. The allegation that the property is her separate property is a mere conclusion of law, and not a statement of facts

sufficient to show any right. (*Dye* v. *Dye*, 11 Cal. 168; *Manner* v. *Morewood*, 5 Sand. 516; *Adams* v. *Holley*, 12 How. Pr. 330; *Thomas* v. *Desmond*, 12 How. Pr. 321; *Russell* v. *Clapp*, 7 Barb. 482; *Bentley* v. *Jones*, 4 How. Pr. 202.) The court fails to find upon every material issue raised by the pleadings, or upon the equitable defense set up by the defendant, and the statute of limitations. (*Knight* v. *Roche*, 56 Cal. 15.) A judgment based upon findings which do not determine all the issues raised by the pleadings is a decision against law. (*Knight* v. *Roche*, 56 Cal. 15; *Campbell* v. *Buckman*, 49 Cal. 367; *North Pacific R. R. Co.* v. *Reynolds*, 56 Cal. 93; *Ernest* v. *Cummings*, 55 Cal. 179.) The court must find upon every material issue raised by the pleadings to support the judgment, and none will be implied. (*Learned* v. *Castle*, 67 Cal. 41; *Savings etc. Soc.* v. *Thorne*, 67 Cal. 53; *Walker* v. *Brem*, 67 Cal. 599; *Gladding* v. *C. F. M. F. I. A.*, 66 Cal. 6; *Gray* v. *Noon*, 66 Cal. 187; *Lang* v. *Specht*, 62 Cal. 145; *Dunn* v. *Dunn*, 62 Cal. 176; *Rodling* v. *Perasso*, 62 Cal. 515; *Coglan* v. *Beard*, 65 Cal. 96; *Coveny* v. *Hale*, 49 Cal. 552; *Kimball* v. *Stormer*, 65 Cal. 116; *Leviston* v. *Ryan*, 75 Cal. 293; *Murphy* v. *Bennett*, 71 Cal. 528; *Gates* v. *McLean*, 70 Cal. 72; *Robinson* v. *P. & S. V. R. R. Co.*, 65 Cal. 262.) The allegation in the complaint as to the diversion of the water and as to the extent of damages being denied *in toto* in the answer, and the issue thus raised being the gist and *gravamen* of plaintiff's cause of action, there should have been a direct and positive finding upon it, as the plaintiff was not entitled to a perpetual injunction unless these allegations of facts were true. (Code Civ. Proc., sec. 526; *Lux* v. *Haggin*, 69 Cal. 284, 285, 287; *Heilbron* v. *Canal Co.*, 75 Cal. 426; 7 Am. St. Rep. 183; *Stanford* v. *Felt*, 71 Cal. 249; *Wharf and Lighter Co.* v. *Simpson*, 77 Cal. 286; *Peregoy* v. *McKissick*, 79 Cal. 574; *Edgar* v. *Stevenson*, 70 Cal. 286; Gould on Waters, secs. 213, 214; Angell on Water courses, 199; *Moore* v. *Clear Lake W. Co.*, 68 Cal. 146; *Creighton* v. *Kaweah Canal Co.*, 67 Cal. 221; *Heilbron* v. *Land and Water Co.*, 80

Cal. 190; *Mechanics' Foundry* v. *Ryall*, 62 Cal. 416; *Leach* v. *Day*, 27 Cal. 643; *Tevis* v. *Ellis*, 25 Cal. 515; *Tomlinson* v. *Rubio*, 16 Cal. 203; *Burnett* v. *Whitesides*, 13 Cal. 156; *Ritter* v. *Patch*, 12 Cal. 298, 300; *Middleton* v. *Franklin*, 3 Cal. 238; 3 Hilliard on Injunctions, 345; 1 High on Injunctions, 2d ed., 476; 11 Am. Dec. 484; *Cotching* v. *Terrill*, 10 Ga. 576; *Thomas* v. *Jones*, 23 Ala. 725; *Waldron* v. *Marsh*, 5 Cal. 119; *Nevada C. & S. C. Co.* v. *Kidd*, 37 Cal. 283; *Elliot* v. *Fitchburg R. R. Co.*, 10 Cush. 191; 57 Am. Dec. 85; *Van Bibber* v. *Hilton*, 84 Cal. 585; *Churchill* v. *Larue*, 84 Cal. 233; *Hoye* v. *Sweetman*, 19 Nev. 378; *Thorn* v. *Sweeney*, 12 Nev. 257.) There is no finding upon the plea of the statute of limitations. The affirmative defense of a prescriptive right was properly pleaded in this case. (*Alhambra Addition Water Co.* v. *Richardson*, 72 Cal. 598; *Webber* v. *Clark*, 74 Cal. 11; *Hagely* v. *Hagely*, 68 Cal. 348; *Manning* v. *Dallar*, 73 Cal. 420.) A failure to find upon this issue was error. (*Heinlen* v. *Fresno Canal Irrigation Co.*, 68 Cal. 35.) The failure of the court to find upon the issue as to the payment of taxes, admitted by the defendant to have been levied and assessed on the water ditch, was error. (*Unger* v. *Mooney*, 63 Cal. 586; 49 Am. Rep. 100; *Central Pac. R. R. Co.* v. *Shackelford*, 63 Cal. 261; *Ross* v. *Evans*, 65 Cal. 439; *McNoble* v. *Justiniano*, 70 Cal. 396; *Reynolds* v. *Willard*, 80 Cal. 605; *Lakeside Ditch Co.* v. *Crane*, 80 Cal. 181.) It must appear from the complaint and findings that the injury is continuing and irreparable, and cannot be compensated in damages, before a judgment granting a perpetual injunction can be rendered. (*Richards* v. *Dower*, 64 Cal. 62; *Lawrence* v. *Getchell*, 3 West Coast Rep. 619; *Clark* v. *Willett*, 35 Cal. 547; *Delger* v. *Johnson*, 44 Cal. 182; *Coker* v. *Simpson*, 7 Cal. 341; *De Witt* v. *Hays*, 2 Cal. 463; 56 Am. Dec. 352; *Waldron* v. *Marsh*, 5 Cal. 119; *Merced M. Co.* v. *Fremont*, 7 Cal. 322; 68 Am. Dec. 262; *Burnett* v. *Whitesides*, 13 Cal. 156; *Branch T. Co.* v. *Board of Supervisors*, 13 Cal. 190; *Ritter* v. *Patch*, 12 Cal.

298; *Daubenspeck* v. *Grear*, 18 Cal. 444; *Middleton* v. *Franklin*, 3 Cal. 238; *Tomlinson* v. *Rubio*, 16 Cal. 202; *Tevis* v. *Ellis*, 25 Cal. 515; *Leach* v. *Day*, 27 Cal. 644; *N. C. & S. C. Co.* v. *Kidd*, 37 Cal. 283; *Mechanics' Foundry* v. *Ryall*, 62 Cal. 416; *Lux* v. *Haggin*, 69 Cal. 270–285, and authorities there cited; *Heilbron* v. *Canal Co.*, 75 Cal. 426; 7 Am. St. Rep. 183; *Stanford* v. *Felt*, 71 Cal. 249; *Swift* v. *Goodrich*, 70 Cal. 103, 105; *W. & L. Co.* v. *Simpson*, 77 Cal. 286; *Peregoy* v. *McKissick*, 79 Cal. 574; *Edgar* v. *Stevenson*, 70 Cal. 286; *Moore* v. *Clear Lake W. Co.*, 68 Cal. 146; *Heilbron* v. *Land and Water Co.*, 80 Cal. 189; *Hoye* v. *Sweetman*, 19 Nev. 376; *Thorn* v. *Sweeney*, 12 Nev. 257.) The defendants were riparian owners upon the creek, and were entitled to a reasonable use of the waters thereof for irrigation and domestic purposes, and as it is only for an unreasonable and unauthorized use that an action will lie, the judgment should have been in favor of the defendants. (*Heilbron* v. *Land and Water Co.*, 80 Cal. 193; *Lux* v. *Haggin*, 69 Cal. 270; *Swift* v. *Goodrich*, 70 Cal. 103; *Stanford* v. *Felt*, 71 Cal. 249; *Van Bibber* v. *Hilton*, 84 Cal. 585; *Penn. Mining Co.* v. *Owens*, 15 Cal. 137; *Jones* v. *Adams*, 19 Nev. 78; 3 Am. St. Rep. 788; *Union M. & M. Co.* v. *Ferris*, 2 Saw. 176; *Tyler* v. *Wilkinson*, 4 Mason, 397; *Howard* v. *Ingersoll*, 13 How. 426; *Farrell* v. *Richards*, 30 N. J. Eq. 511.)

*H. L. Spargur, D. W. Jenks*, and *J. H. Stewart*, for Respondents.

The husband was properly joined as a party, whether he had any interest or not. It was optional with the wife to join him or not. (*Corcoran* v. *Doll*, 32 Cal. 83.) The allegations of title were more than sufficient, because ownership of the land in question was not at all necessary to establish a right to the water by appropriation. An averment of possession of the land is sufficient. (*McDonald* v. *B. R. & A. W. M. Co.*, 13 Cal. 220; *Davis* v. *Gale*, 32 Cal. 26; 91 Am. Dec. 554.) The complaint is

neither ambiguous, unintelligible, nor uncertain; but even if it is in any degree ambiguous, it is neither unintelligible nor uncertain. The demurrer cannot therefore possibly be sustained, for the three grounds are assigned conjunctively. (*Kraner* v. *Halsey*, 82 Cal. 209.) The plaintiff's right to have the water flow into the ditch was sufficient to maintain the injunction. (*Ramsay* v. *Chandler*, 3 Cal. 90; *Tuolumne Water Co.* v. *Chapman*, 8 Cal. 392; *Marius* v. *Bicknell*, 10 Cal. 217; *Rupley* v. *Welch*, 23 Cal. 452; *Moore* v. *Water Works*, 68 Cal. 146; *Frey* v. *Lowden*, 70 Cal. 550.) A finding on the resulting damages to the plaintiff, if the acts complained of were continued, was unnecessary. (*Moore* v. *Water Works*, 68 Cal. 146.) The finding upon the plea of the statute of limitations being in the form of the issue tendered by the answer, the defendants cannot object because it was in the form of, and placed among the, conclusions of law. (*Burton* v. *Burton*, 79 Cal. 490; *Millard* v. *Legion of Honor*, 81 Cal. 340.) The findings show that a complete prescriptive title was gained by plaintiff and her grantors during the first six years. There was no need to pay the taxes, because the adverse right accrued before the amendment to section 325 of the Code of Civil Procedure took effect, and that section was not retroactive. (*Sharp* v. *Blankenship*, 59 Cal. 288; *Central Pac. R. R. Co.* v. *Shackelford*, 63 Cal. 261; *Reynolds* v. *Lincoln*, 73 Cal. 191; *Heilbron* v. *Heinlen*, 72 Cal. 376; *Webber* v. *Clarke*, 74 Cal. 16.) The payment of the taxes was a matter of evidence only, and not necessary to be pleaded. (*Ball* v. *Nichols*, 73 Cal. 193.) The allegation of the payment of taxes was immaterial, and therefore unnecessary, because it does not appear that any taxes were ever assessed or levied upon either the ditch or water right. (*Heilbron* v. *Last Chance Water Ditch Co.*, 75 Cal. 117; *Coonradt* v. *Hill*, 79 Cal. 587.) The doctrine of riparian rights does not apply to mere occupants of public land, except as between two occupants, both claiming by possessory rights. An oc-

cupation of land does not deprive a prior appropriator of his right to divert and use the water. (*Lux* v. *Haggin*, 69 Cal. 255.) Whatever rights defendants have in the land, under an occupation commencing in 1880, must be subject to plaintiff's appropriation made long before that date. (*Irwin* v. *Phillips*, 5 Cal. 140; 63 Am. Dec. 113.)

BELCHER, C. — This action was brought to obtain a perpetual injunction restraining the diversion of water, and for damages. The court below granted the injunction, but without damages. The appeal is from the judgment, and rests on the judgment roll.

1. It is claimed by appellants that their demurrer should have been sustained, but we think it was properly overruled. The complaint stated a cause of action, and it was not ambiguous, unintelligible, *and* uncertain. The plaintiffs were husband and wife, but a husband may be joined as plaintiff with his wife in an action which concerns her separate property. (*Calderwood* v. *Pyser*, 31 Cal. 333; *Corcoran* v. *Doll*, 32 Cal. 83.) Plaintiffs alleged that Mrs. Spargur and her grantors had owned, possessed, and occupied the lands described for the periods named, and that she was then the owner thereof; and they deraigned her title to the ditch and water right from the first appropriator. This was sufficient.

2. It is contended that the court did not find upon all the material issues raised by the pleadings. Under this head it is urged that there was no finding upon the issue tendered by plaintiffs' averment "that the defendants threaten and intend, and unless prevented by the injunction of this court they will continue, to divert and obstruct the waters of said stream and prevent the same from reaching the lands of said plaintiff, and wholly deprive her of the use of said water; that the damage to said plaintiff for each day she is deprived of the use of said water is five dollars," etc. It is said that this aver-

ment was denied *in toto;* but the only denial as to the first part of it was, that defendants threaten, or intend, or will continue to do the acts complained of, " except as of right they are lawfully entitled thereto." This was clearly not a denial *in toto,* and yet the court found " that defendants, and each of them, threaten and intend, and unless restrained will continue, to divert the waters from said plaintiff's ditch and thereby prevent any portion of the waters of said stream from flowing through said ditch to plaintiff's said lands." The court was not required to go further, and find as to the alleged resulting damages, for the reason that it was not necessary to allege or prove such damages. (*Moore* v. *Clear . Lake Water Works,* 68 Cal. 146.) The finding was therefore fully sufficient.

It is also urged that there was no finding as to the bar of the statute of limitations pleaded by defendants. But the court did find " that plaintiff's cause of action is not barred by section 318 of the Code of Civil Procedure, nor by section 343 of said code, nor by section 319 of said code, nor any of them." The sections named are the only ones pleaded, and the claim that the finding should be disregarded because it is placed among the conclusions of law is without merit. (*Burton* v. *Burton,* 79 Cal. 490.)

It is further urged that there was no sufficient finding as to the affirmative defense set up by the defendants, to the effect that they and their grantors had been the owners in fee-simple absolute of the land claimed by them since about the year 1869, and that Rutherford Creek — the stream from which plaintiffs claim the right to take the water — naturally flows across their land, and that their right to the full flow and use of the waters of the creek upon their said land is older and superior to any right of the plaintiffs thereto or to any portion thereof. It is said the court found only that defendants' lands were agricultural in character, and that the said

stream in its natural channel flowed across the same and naturally irrigated portions thereof, but did not find how long they and their grantors had been the owners in fee-simple of the said land.

But the court also found that in the fall of 1873 and the spring of 1874 one Wood constructed a ditch leading from Rutherford Creek to certain lands situated near the creek, and which he then occupied and claimed, and thereby appropriated and diverted to his lands twenty inches of the water of the creek, measured under a four-inch pressure, and thereafter continuously used the same for irrigating his lands during the irrigating season of each year, and for domestic purposes and the watering of stock during the whole of each year, until September, 1878, when he conveyed his lands, with the ditch and water right and privileges appurtenant thereto, to the plaintiff Mrs. Spargur; that she thereupon took possession of the land, ditch, and water right, and has ever since continuously claimed and used the water so appropriated for the same purposes as her grantor had used it, except when prevented from doing so by defendants and their grantors; and " that for six years next succeeding said appropriation, such use of said water by plaintiff and her grantor was, with the full knowledge of defendants' grantors, continuous, uninterrupted, peaceable, open, and notorious, under a claim of right adverse and in hostility to all, and particularly to defendants and their grantors."

These findings clearly show that Mrs. Spargur had acquired a prescriptive right to divert and use the twenty inches of water which she claimed. (*Alta Land etc. Co.* v. *Hancock*, 85 Cal. 219; 20 Am. St. Rep. 217.) And this being so, it was immaterial how long defendants and their grantors had owned their land in fee, and no finding as to that matter was required.

It is further urged that there was no finding that plaintiff and her grantor had paid all taxes levied and

assessed against the said ditch and water right; but it does not appear that any such taxes had been levied or assessed, and therefore no finding upon this question was necessary. (*Heilbron* v. *Last Chance Water Ditch Co.,* 75 Cal. 117; *Coonradt* v. *Hill,* 79 Cal. 587.)

3. It is contended that the findings were not sufficient to justify the issuance of a perpetual injunction against defendants, for the reason that they were riparian owners on the creek, and the court only found that plaintiff had been damaged in the nominal sum of one dollar. The answer is, that it appears that the defendants' lands were situated on the creek below the head of plaintiff's ditch; that plaintiff had acquired a right to appropriate from the creek the amount of water claimed by her, and that the defendants had wrongfully obstructed the flow of the water into her ditch, and threatened to continue to do so. Under such circumstances, plaintiff was entitled to an injunction, without proof of damages. (*Moore* v. *Clear Lake Water Works,* 68 Cal. 146; *Conkling* v. *Pacific Improvement Co.,* 87 Cal. 296.)

Some other points are made for a reversal of the judgment, but they do not require special notice. In our opinion, the proper judgment was entered, and we advise that it be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

BEATTY, C. J., concurred in the judgment.