THE NEW ENGLAND HOME FOR DEAF MUTES, (AGED, BLIND OR INFIRM) *vs.* LEADER FILLING STATIONS CORPORATION.

Essex. November 12, 1930. — June 24, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Res Judicata. Land Court,* Jurisdiction, Petition for construction of instrument in writing, Decree. *Prescription. Jurisdiction.*

The owner of land filed a petition in the Land Court under G. L. c. 240, § 11, praying that the validity of a claim of a respondent to a landing place and right of way thereto over certain land under an indenture of 1796 be determined and that, if such encumbrances were found to exist, their nature and extent be defined. The parties tried the case on the theory that events subsequent to the date of the indenture might be considered. The judge ruled that the court was strictly limited to construing the indenture of 1796 as of its date, without regard to subsequent acts which in other actions might be found to constitute extinguishment of any easement thereby created, and found a good record title in the petitioner subject to an easement in the respondent, which he defined, created by the deed. In his decision he made a finding on the facts, for the purpose of avoiding a second trial provided his views be found on appeal to be erroneous, that the easement in question had not been lost by complete interruption and obstruction on the part of the petitioner and his predecessors in title as owners of the servient estate, stating that such finding was "strictly limited to the purposes of this case, when and if it should ever become material and is not to be considered as *res judicata* in any other event," and the decree was entered "as of the date of said indenture (but without regard to matters *in pais* which have occurred since that date)." There was no appeal from the decree. Subsequently the petitioner filed a petition in the Land Court under G. L. c. 185, § 1 (a), for registration of his title. The judge ruled that the statements in the previous decision as to matters *in pais* after the indenture of 1796 were not *res judicata,* and, after hearing evidence showing that, for a period much longer than the term required for prescription, the petitioner and his predecessors in title had erected and maintained structures and pursued a course of conduct with the deliberate design of excluding everybody, including the respondent and his predecessors in title, from entering upon the land in question, and that everybody thus had been excluded, found that the easement of the respondent had been extinguished by adverse possession; and ordered a decree

for the petitioner accordingly. The respondent alleged exceptions. *Held,* that

(1) In hearing the petition under G. L. c. 240, § 11, the judge was strictly limited to construing the indenture of 1796 without regard to subsequent events as to prescription, and findings then made as to events subsequent to 1796 were not *res judicata* at the hearing of the later petition under G. L. c. 185, § 1 (a);

(2) Willingness of the parties to litigate the question of adverse possession in the proceeding under G. L. c. 240, § 11, could not confer jurisdiction upon the court to decide that question;

(3) The acts of the servient tenant having been utterly inconsistent with any right of the dominant tenant, manifestly adverse to every claim by him, and incompatible with the existence of the easement, the mere fact that the easement given by the indenture of 1796 was not defined until the decree in the proceeding under G. L. c. 240, § 11, did not require a ruling that the possession of the servient tenant could not become adverse until after the entry of that decree.

PETITION, filed in the Land Court on June 13, 1929, under G. L. c. 185, § 1 (a), for registration of title to certain land on Water Street in Danvers.

In the Land Court, the petition was heard by *Davis,* J. Material facts are stated in the opinion. In his decision, the judge ruled that the ruling he made when the petition under G. L. c. 240, § 11, described in the opinion, was before him, to the effect that findings then made with regard to matters *in pais* which occurred since the 1796 deed were "not to be considered as *res judicata* in any other event" and that in that proceeding the court was strictly limited to construing the indenture of 1796 as of its date, not having been appealed from, was the law of the case; stated that, "as is usual at a second trial, the evidence differed materially as presented before" him on the second petition; and, after reciting subsidiary facts, summarized in the opinion, found that petitioner's land "has been used for a period of over twenty years in a manner adverse to, and inconsistent with, the existence of the easement created by the indenture of 1796, whereby said easement, so far as the land of the petitioner is concerned, has been extinguished," and ordered a decree for petitioner registering its title free from the easements claimed by respondent.

The respondent alleged exceptions.

The case was submitted on briefs.

*S. H. Hollis & T. B. Yeakley,* for the respondent.

*H. E. Jackson & E. P. Shaw, 3d,* for the petitioner.

RUGG, C.J. This is a petition for registration of title to land. The respondent asserts easements to a landing place on tidewater and a right of way thereto appurtenant to land owned by it by virtue of an indenture, made in 1796 and duly recorded, between the predecessors in title of the parties to this petition. In June, 1928, the petitioner filed in the Land Court a petition against the respondent alleging that it was the owner of the premises described in the present petition, and praying that the validity of the respondent's claim to a landing place and right of way thereto over said premises under the indenture of 1796 be determined and that, if such encumbrances be found to exist, their nature and extent be defined, as authorized by G. L. c. 240, § 11. Pursuant to that petition a decision was rendered whereby it was ruled that the court was strictly limited to construing the indenture of 1796 as of its date, without regard to subsequent acts which might in other actions be found to constitute extinguishment of any easement thereby created, and then found (1) that the petitioner had good record title to the premises described in its petition and was in possession, (2) that easement of landing place and right of way thereto on land of the petitioner, appurtenant to land of the respondent, was created by the indenture, and (3) that the nature and extent of such easement, not having been theretofore specified, were set out and defined. There was included in that decision a statement that, for the purpose of avoiding a second trial on the facts, provided the views of the trial judge be found on appeal to be erroneous and because the parties had tried the case on the theory that events subsequent to the date of the indenture might be considered, a finding was made that the easement in question had not been lost by complete interruption and obstruction on the part of the petitioner and its predecessors in title as owners of the servient estate. It was added that this "finding, however, is strictly limited to the purposes of this case, when and if it should ever become material and is not to be considered as *res*

*judicata* in any other event." The decree entered on that petition contained a recital that after a hearing of the parties in interest and a determination of all questions involved as set forth in a decision, the easement created by the indenture of 1796 is established "as of the date of said indenture (but without regard to matters *in pais* which have occurred since that date)," and defined its nature and extent, but made no other reference to the finding as to extinguishment of the easement or the limitation sought to be attached to that finding and they are not embodied in the decree. No appeal was taken by any one from that decree.

The first issue in the case at bar is whether the question of extinguishment of the easement appurtenant to the land of the respondent under the indenture of 1796 has been tried in the earlier proceeding between these parties, decided adversely to the petitioner and become *res judicata.* The decision of this issue depends in turn upon the subject matter brought before the court in the earlier proceeding and the scope of the issues there presented for decision and the precise extent of the decision made. That earlier proceeding was a petition under G. L. c. 240, § 11. So far as here material its words are: "If the title to land appears of record to be affected by a possible condition, restriction, reservation, stipulation or agreement . . . a person having a freehold estate . . . in said land . . . may file a petition . . . in the land court to determine the validity, or define the nature and extent, of such possible condition or other encumbrance . . . ." Concerning the purpose of these statutory words and the nature of the issues open under them, it was said, with respect to a contention that there might be inquiry into prescription as affecting the terms of a deed, in *Crocker* v. *Cotting*, 181 Mass. 146, at page 153: "Titles affected by prescriptive rights are excluded by the words of the statute, and are not we think included within its intent, — the idea being, it seems to us, to enable parties to obtain the construction of the court in regard to questions arising under written instruments and not to determine matters *in pais*." This sentence was quoted with approval in *McArthur* v.

*Hood Rubber Co.* 221 Mass. 372, 374. *Welch* v. *Austin,* 187
Mass. 256. *Cotting* v. *Boston,* 201 Mass. 97, 102. There is
nothing inconsistent with this view in *Boston Baptist Social
Union* v. *Boston University,* 183 Mass. 202, or *American
Unitarian Association* v. *Minot,* 185 Mass. 589. There is
nothing in *Chase* v. *Walker,* 167 Mass. 293, to support a
contrary interpretation. As a concession to urgent argu-
ment, it there was remarked that, if the ground of extinguish-
ment or abandonment were open, there was no evidence
adequate to support it. That was far from holding that the
ground was open; it amounted only to an assumption in
favor of the party making the contention that, even if the
point were before the court, there was nothing to it. The
trial judge, in ruling that he was strictly limited to constru-
ing the indenture of 1796 without regard to subsequent
events as to prescription, was right. It is essential to the
application of the doctrine of *res judicata* that the earlier
proceeding must have been (1) between the same parties,
(2) touching the same subject matter and (3) decided ad-
versely to the party seeking to litigate the subject matter
again. The only one of those three essentials here present is
that the parties are the same. As already pointed out, the
statute under which the earlier proceeding was brought did
not confer jurisdiction upon the court to consider whether
the encumbrance there in issue had been extinguished by
acts *in pais* coming to pass after the date of the instrument
whereby the encumbrance was created. Willingness of the
parties to litigate the question of adverse possession in that
proceeding under G. L. c. 240, § 11, could not confer jurisdic-
tion upon the court to decide that question. Consent can-
not confer jurisdiction. *Gray* v. *Dean,* 136 Mass. 128. *Eaton*
v. *Eaton,* 233 Mass. 351, 364. *Paige* v. *Sinclair,* 237 Mass.
482, 483. *Holt* v. *Holt,* 253 Mass. 411, 414. Since the court
in the earlier proceeding had no jurisdiction over the subject
of extinguishment of the easement by prescription, whatever
was decided touching it was without force or validity.
*Carroll* v. *Berger,* 255 Mass. 132, 135. The decree in the
earlier proceeding did not embody the finding of the trial
judge as to extinguishment of the easement by prescription.

On the contrary, the decree expressly disregarded matters *in pais* occurring since 1796. The finding on the matter of prescription was not essential to the conclusion reached and formed no part of the decision on which the decree rested. Therefore there was no judgment on that subject. *Leverett* v. *Rivers*, 208 Mass. 241, 244 and cases cited. The points decided in *Allison* v. *Donovan*, 244 Mass. 233, are not relevant to the case at bar. The judgment there held to be *res judicata*, although it might have rested upon a single ground, was in fact made to rest upon two grounds, both of which were rightly before the court. That case is quite distinguishable from the case at bar.

The trial judge did not undertake to decide the question of extinguishment of the easement by prescription except for the purpose of avoiding a second trial in the event that his views on the law as to the limits of the inquiry open in that earlier proceeding were found on appeal to be erroneous. That event has never happened. His views on the law were never reviewed on appeal, because no appeal was taken from that decree. His views on the law were right and not erroneous. Hence his alternative decision on the question of prescription has never become operative because the circumstances under which it was to become effective have never come into existence. Therefore, there is no ground for the application of *res judicata*.

The second issue raised is whether the finding that the easement of the respondent had been extinguished by adverse possession was warranted. The contention of the respondent in essence is that, since the easement was general and was not located or defined on the face of the earth until the decree in the earlier proceeding, the possession of the petitioner as the servient tenant could not become adverse until after the entry of that decree in 1929. Reliance is placed upon cases like *Arnold* v. *Stevens*, 24 Pick. 106, *Smith* v. *Langewald*, 140 Mass. 205, and *Butterfield* v. *Reed*, 160 Mass. 361. The principle established by those decisions is that occupation of land by the servient tenant not irreconcilable with the rights of the dominant tenant is not deemed to be adverse and therefore does not extinguish such rights.

In the case at bar, however, the facts found show that, for a period much longer than the term required for prescription, the petitioner and its predecessors in title had erected and maintained structures and pursued a course of conduct with the deliberate design of excluding everybody, including the respondent and its predecessors in title, from entering upon the land in question, and that everybody had been thus excluded.   The acts of the servient tenant were utterly inconsistent with any right of the dominant tenant, manifestly adverse to every claim by it, and incompatible with the existence of the easement.   The acts clearly would have warranted the dominant tenant in maintaining an action for obstructing the easement.   *Feoffees of the Grammar School in Ipswich* v. *Proprietors of Jeffrey's Neck Pasture*, 174 Mass. 572, 576.   See *Mitchell* v. *Bovard*, 279 Penn. St. 50, 55; *Hunter* v. *West*, 172 N. C. 160.   In substance and effect the acts of the servient owner have rendered the use of the easement practically impossible for the period required for prescription and it has become extinguished.   *Brooks* v. *West Boston Gas Co.* 260 Mass. 407, 410, and cases cited. There is nothing in *Burnham* v. *Mahoney*, 222 Mass. 524, 529, inconsistent with the conclusion here reached.   It follows that all the respondent's requests for rulings were denied rightly.

*Exceptions overruled.*