[Sac. No. 5561. In Bank. May 23, 1944.]

BIGGS DITCH COMPANY (a Corporation), Respondent, v. LOUISE T. JONGSTE et al., Appellants.

Chas. L. Gilmore for Appellant.

Jack McPherson for Respondent.

SCHAUER, J.—Defendants appeal from a judgment quieting in plaintiff corporation, a mutual water company, title in and to "an easement or right-of-way upon, over, along and across the entire extreme northerly and westerly boundaries" of certain "lands of defendant, Louise T. Jongste . . . for canal and/or ditch purposes," and enjoining and restraining both of the defendants (Louise T. Jongste and her brother, Bernard Jongste) from "using, interfering or obstructing" such easement or right of way and from "in any wise damming up, holding, obstructing or diverting the water flowing in said canal and/or ditch and from in any wise preventing plaintiff, its agents and employees, from free ingress or egress to said easement or right-of-way for the purposes of maintenance, care and preservation thereof." Plaintiff bases its claim of title solely on asserted adverse possession and use of the ditch in question under a claim of right (but not color of title; see 1 Cal.Jur. 570, § 51) for a period of more than thirty years last past, while defendants contend that plaintiff's own evidence establishes that defendant Louise T. Jongste and her predecessors in interest for more than twenty years last past have used waters from such ditch without payment therefor, and that "the water from the ditch or canal has [thereby] become a part of" defendants' land by user. The deeds by which defendant Louise Jongste and certain of her predecessors in interest acquired the land

in question contained the following provision: ''Provided However that all of the lands that are now being used as a 'Right of Way' to and for the 'Main Canal' of the Butte County Irrigated Land Company, of Biggs, Cal., as it is now built on, along, and over the North and West Lines of the above described premises are hereby reserved from the land intended to be conveyed by this deed, and the same is so reserved for and in consideration, that the owner or owners of the above described land and premises are at all times hereafter to have the privilege and right to use water from and out of the said Canal, (as hereinbefore described) for the purpose of irrigating of any and all of the said lands and premises, without the payment for a 'Water Right' to the Butte County Irrigated Land Company, or any other Company or any Companies for such a right, and the said Butte County Irrigated Land Company, shall not be required to pay or give any other compensation for their right of way, for their main canal, excepting a water right to and for the above named lands.''

It is to be noted that plaintiff was not a party and is not in privity to any of the above mentioned deeds, and, as previously mentioned, claims title only by adverse possession and user under a claim of right, *not by deed* or color of title from any predecessor in interest. It is unnecessary, therefore, to determine whether the provision above quoted (that the ''owners of the above described land . . . are at all times hereafter to have the privilege and right to use water from and out of the said Canal . . . *without the payment for a 'Water Right'* . . .'' [italics added]) meant that the owners of the land described were authorized for all time to come to *take and use* water from this distribution ditch *without paying for such water,* regardless of who owned it, or were merely given a form of appurtenant right to *purchase* water from the ditch for the irrigation of their land without further payment for *such appurtenant right of purchase.* ▮ Even if we assume that the provision was intended to give the right to take and use the water without payment therefor, such provision is a mere self-serving declaration; plaintiff, not being in privity to the deeds containing such provision, is not bound by it. The right of defendants to *purchase water* from the ditch for irrigating their land, on the same terms as other appurtenant land owners, has not been disputed and is not in issue.

Plaintiff was incorporated May 22, 1908, and ever since then has been engaged solely in distributing water for irrigation and domestic use, only to owners of its capital stock. The shares of such stock are appurtenant to the lands described in the stock certificates, are issuable on the basis of one share for each acre of land, and are transferable only with the land. The water distributed by plaintiff through its canals and ditches, including the ditch here involved, is purchased by the users (shareholders in plaintiff corporation) directly from another corporation, the Sutter Butte Canal Company, a public utility, to whom each user makes payment for his water.

The ditch with which we are here concerned was constructed in 1907 and it is upon alleged actual, exclusive, open, notorious, continuous, and adverse possession and user of the ditch under a claim of right ever since the date of plaintiff's incorporation that plaintiff rests its claim of title. The following epitomized excerpts from the evidence, considered in connection with the investment which the construction of the ditch itself connotes, the by-laws of plaintiff, and the method of plaintiff's operation of the ditch, indicate a claim of right and suffice to show that plaintiff fully proved its allegations as to the extent and character of its possession and user of the ditch.

W. S. Schill testified that he is one of the directors of plaintiff ditch company and since 1910 has owned land in the area served by the company; that the expense of maintenance of the laterals and ditches of the company and the salary of the "ditch tender" are met by annual assessment on the shareholders of the company; that the company has used the ditch in question since prior to 1910; that the water flowing in the ditch comes from the main canal of the Sutter Butte Canal Company; that he knew of no occasion on which anyone not a member of the ditch company had taken water from the ditch; that after defendant Louise Jongste bought (in March, 1941) the land along which the ditch runs defendant Bernard Jongste notified the company that he intended to construct weirs in the ditch and take water for such land at any time he wished; that he immediately started and practically completed two weirs; that the witness went over to see Mr. Jongste about the weirs and Jongste "stated he had the right and was entitled to" take water free of charge, al-

though he was offered membership in the ditch company on the same basis as that of other shareholders (annual assessment and payment of water rate to the Sutter Butte Canal Company); that the effect of use of the two weirs by defendants would be to cause the water in the canal to flow onto the Jongste land and prevent it from going to the consumers below. It appears that this proceeding was filed on May 5, 1941, as a result of the above stated acts and claims of defendants.

Adolph Peterson testified that in 1908 or 1909 he purchased and settled upon land in the area served by plaintiff company and became a stockholder in the company; that he knew of no occasion on which "anyone . . . ever claimed any right to take water out of there [the ditch here involved] free of charge" and had never heard that "anyone ever claimed title to that ditch as against the ditch company [plaintiff]."

Joseph L. Williams testified that since 1928 he had resided in the area served by plaintiff company and been a stockholder in the company and since July 7, 1941, had been the "ditch tender" for the company; that he is familiar with the Jongste property; that he had no knowledge that "anyone other than Mr. Jongste put weirs in that ditch or any holes or anything else in it," except that on an occasion two or three years prior to 1941 the then owner of the Jongste property, a Mr. Rutherford, had claimed the right to take free water from the ditch and had "put a door in the ditch to take water out on the place," but that the witness had told Rutherford that the only way to get water was to pay for it and had himself removed the door and Rutherford had "left it out."

O. F. Brown testified that since 1911 he had resided and owned land in the area served by plaintiff company and had held various offices in the company; that he had been familiar with the Jongste property for the thirty years since 1911 and in that time he knew of no one except Mr. Rutherford who "ever made any claim as against the ditch company to any title in that ditch"; that in approximately 1938 Rutherford had blocked the ditch and attempted to take water from it without payment therefor, but that the witness had "warned him of it a time or two by letter and word of mouth" and Rutherford had desisted.

S. C. Pereria testified that since 1912 he had resided and owned land in the area served by plaintiff company and had

held various offices in the company; that for the twenty-nine years since 1912 he had been familiar with the Jongste property; that he knew of nobody who had taken water from the ditch without complying with the rules and regulations of the ditch company.

George Milford testified that he had been the first president of plaintiff company and had resided in the vicinity since 1910; that since that date the ditch company had operated the ditch here in question; that he is familiar with the Jongste property; and that to his knowledge no one who had ever held that property had been given free water.

The record contains other testimony, merely cumulative to that above epitomized, in support of the finding in plaintiff's favor on the issue of adverse possession; no useful purpose would be served, however, by setting forth such testimony.

■ Defendants also assert that plaintiff must prove either payment of taxes on the ditch or on the water or else that no taxes were levied or assessed thereon, in order to support its claim of title by adverse possession. Admittedly no such proof was made. Although the rule advanced by defendants applies as a general proposition, it is to be noted that plaintiff here claims an easement rather than a title in fee, that the law does not require an easement to be assessed, and that the burden of showing such an assessment is upon the party contesting the claim of adverse possession. (See *McMorris* v. *Pagano* (1944), 63 Cal.App.2d 446, 451 [146 P.2d 944], and cases there cited.)

For the reasons above stated the judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.