[L. A. No. 19874.   In Bank.   Jan. 27, 1948.]

BERNARD R. GLATTS et al., Appellants, v. FRED C. HENSON et al., Respondents.

Roland Maxwell and Paul H. Marston for Appellants.

Alfred S. Chapman, in pro. per., Vernon M. Brydolf and Bissell & Atwill for Respondents.

CARTER, J.—Prior to 1931, the defendants Chapman estate and Alfred Chapman, trustee, were the owners of a tract of land. Thereafter it became involved in the seven transactions hereinafter mentioned. First transaction. In that year the Chapmans conveyed to the city of Pasadena Parcel 1 of that tract. They also conveyed to the city a 25-foot easement for road and pipeline purposes over Parcels 4 and 5, the center line of which was the boundary line between those parcels. Second transaction. In 1937, the city deeded Parcel 1 to defendants, the Hensons, who now own it. Third transaction. In 1937, the Chapmans conveyed Parcel 2 to the Hensons and also an easement embracing the same area described in the first transaction. Fourth transaction. In 1938, the Chapmans conveyed to Riek and Knapp Parcel 3 and an easement embracing the same area described in the first transaction. In 1941, Riek and Knapp conveyed Parcel 3 and the easement to defendants, the Hensons. Fifth transaction. In 1938, the Chapmans conveyed Parcel 4 to plaintiffs Glatts ''Reserving unto the grantor, its successors or assigns, an easement for road purposes, together with the right to dedicate the same to the public use over the easterly 30 feet of the herein described parcel of land.'' Inasmuch as 12½ feet of the easement described in the first transaction covers the east 12½ feet of Parcel 4, the easement reserved covered the same area to that extent. Sixth transaction. In 1932, the Chapmans conveyed

to Braley Parcel 5 and an easement covering the same 30 feet mentioned in the fifth transaction. In 1944, Braley conveyed Parcel 5 and quitclaimed the 30-foot easement to defendants, the Simpsons. Seventh transaction. In 1945, the city quit-claimed to plaintiffs Glatts any interest it may have in an easement over their property.

Plaintiffs brought this action against the Chapman estate, the Simpsons and the Hensons to quiet title to the east 30 feet of their property, that is, to have a declaration that none of the above mentioned easements were effective. The trial court declared plaintiffs to be the owner of the land in fee subject however to a 30-foot easement of the Chapmans and Simpsons and a 12½-foot easement of Hensons.

Originally plaintiffs, on this appeal, attacked the whole judgment. They now concede a 12½-foot easement to the Hensons and Simpsons and a 30-foot easement to the Chapmans together with a right in them to dedicate it to the public. The only remaining controversy is, therefore, with reference to the rights of the Simpsons in the westerly 12½ feet of the 30-foot easement. Plaintiffs assert the easement as to that portion, as to the Simpsons, was extinguished by adverse possession thereof by plaintiffs.

The evidence is without dispute that plaintiffs constructed buildings on the 17½-foot strip and have since maintained them for more than five years preceding the commencement of this action. The Simpsons in their answer to plaintiffs' petition for a hearing in this court state: "In this case appellants [plaintiffs] have placed certain buildings on a part of the thirty-foot strip." The evidence is also uncontradicted that plaintiffs have paid the taxes on their Parcel 4. No permission to erect and maintain the buildings was obtained from the easement claimants. The 30-foot easement has not been used except for the east 12½ feet thereof. Thus we have a situation where the owner of a servient tenement erects buildings and maintains them for a period of over five years upon a part of an easement for road purposes over his property and owned by the dominant tenement. He has paid taxes on his fee simple interest but there is no evidence whether taxes were levied, or if levied, were paid, on the easement by the owner of the servient tenement—adverse claimant here.

■ It is well settled that an easement, regardless of whether it was created by grant or use, may be extinguished by the owner of the servient tenement upon which the easement is a burden, by adverse possession thereof by the servient tene-

ment owner for the required statutory period. Perhaps more accurately stated an easement may be extinguished by the user of the servient tenement in a manner adverse to the exercise of the easement, for the period required to give title to land by adverse possession. (See *Silveira* v. *Smith,* 198 Cal. 510 [246 P. 58]; *Currier* v. *Howes,* 103 Cal. 431, 437 [37 P. 521]; *Smith* v. *Worn,* 93 Cal. 206, 212 [28 P. 944]; *City and County of San Francisco* v. *Main,* 23 Cal.App. 86 [137 P. 281]; 98 A.L.R. 1291; 66 A.L.R. 1099; 33 A.L.R. 807; 9 A.L.R. 423; 1 A.L.R. 884; Rest. Prop., § 506; Tiffany Real Property, [3d ed.], § 827.) We are speaking of adverse possession by the servient tenement owner, not abandonment by the owner of the easement. ▮ It is true that an easement created by grant as distinguished from one established by user may not be lost by mere nonuser (9 Cal.Jur. 960-962), but nonuser may be considered as a factor in accomplishing the extinguishment by adverse possession.

▮ The extinguishment by adverse possession need not be of the entire easement. It may be extinguished in part—to the extent that is embraced in the scope of the adverse possession (See *Scampini* v. *Rizzi,* 106 Vt. 281 [172 A. 619]; *Brooks* v. *West Boston Gas Co.,* 260 Mass. 407 [157 N.E. 362]; 33 Mich.L.Rev. 1270.) ▮ The nonpermissive erection and maintenance for the statutory period of permanent structures, such as buildings, which obstruct and prevent the use of the easement will operate to extinguish the easement. (*Brooks* v. *West Boston Gas Co., supra*; *Goodwin* v. *Bragaw,* 87 Conn. 31 [86 A. 668]; *New England Home for Deaf Mutes* v. *Leader F. S. Corp.,* 276 Mass. 153 [177 N.E. 97].)

It is argued, however, that there is no showing that the taxes have been paid on the easement. As we have seen, plaintiffs paid taxes on their fee title to the land subject to the easement. The extinguishment of an easement by prescription may be compared with the acquisition of an easement by that method. ▮ It is true that a person cannot own an easement in his own property—the interests become merged, but when he is so using his land that the elements of adverse possession prevail as to the easement owned by another, he is in a sense acquiring that easement—having it merge with his fee interest—eliminating that interest of another in his land. Hence the property interest being acquired is an easement. He already owns the fee. It is to the easement we must look, therefore, to determine the question of whether the requirement that taxes be paid has been met. ▮ In the case of the

acquisition of an easement by prescription the burden of proving that taxes were levied or assessed against the easement (as distinguished from the payment thereof, if levied) rests upon the record owner rather than the adverse claimant. (*Biggs Ditch Co.* v. *Jongste*, 24 Cal.2d 298 [149 P.2d 1]; *Spargur* v. *Heard*, 90 Cal. 221 [27 P. 198]; *Coonradt* v. *Hill*, 79 Cal. 587 [21 P. 1099]; *Oneto* v. *Restano*, 78 Cal. 374 [20 P. 743]; *Chapman* v. *Sky L'Onda etc. Water Co.*, 69 Cal.App.2d 667 [159 P.2d 988]; *McMorris* v. *Pagano*, 63 Cal.App.2d 446 [146 P.2d 944]; *Redemeyer* v. *Carroll*, 21 Cal.App.2d 217 [68 P.2d 739]; *Los Angeles County* v. *Pacific Elec. R. Co.*, 93 Cal.App. 512 [269 P. 767]; *Smith* v. *Smith*, 21 Cal.App. 378 [131 P. 890]; *Koshland* v. *Cherry*, 13 Cal.App. 440 [110 P. 143].) It has been held in regard to the acquisition of the fee, as distinguished from an easement, by adverse possession that the burden is on the adverse claimant to show that no taxes were assessed or that if assessed he paid them. (*City of Burlingame* v. *Norberg*, 210 Cal. 105 [290 P. 587]; *Allen* v. *Allen*, 159 Cal. 197 [113 P. 160]; *Baldwin* v. *Temple*, 101 Cal. 396 [35 P. 1008]; *Reynolds* v. *Willard*, 80 Cal. 605 [22 P. 262]; *In re Dixon*, 120 Cal.App. 635 [8 P.2d 881]; *Redemeyer* v. *Cunningham*, 61 Cal.App. 423 [215 P. 83].) However, the rule as to easements is settled. ■ In the instant case there was a presumption that no taxes were levied upon the easement and hence taxes need not be paid. There was no proof that taxes were assessed.

■ The Simpsons claim that the issue of adverse possession was not raised. Plaintiffs' complaint is in the usual conventional quiet title form alleging ownership generally. Under such a pleading title by adverse possession may be established (1 Cal.Jur. 620). No objection was made to the evidence given on the subject. At the trial plaintiffs' counsel stated that reliance was placed upon "the use of the property and the record title."

For the foregoing reasons that portion of the judgment which determines that the defendants Simpsons have an easement in the west 17½ feet of the east 30 feet of plaintiff's Parcel 4 is reversed, and the trial court is directed to amend its findings and judgment quieting plaintiffs' title, as against defendants Simpsons, to said portion of said easement. In all other respects the judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Spence, J., and Schauer, J., concurred.