JOSEPH A. CIANCIULLI *vs.* MARY E. MARLOWE[1]
(and a companion case[2]).

Middlesex.    May 7, 8, 1953. — July 7, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Way*, Private: extinguishment. *Easement. Adverse Possession and Prescription.*

If rights of way ever existed over a strip of land extending from a street to the shore of a pond between two occupied lots, such rights were extinguished by nonuser thereof, united with an adverse use of the strip inconsistent with the existence of the rights, for more than twenty years.

TWO BILLS IN EQUITY, filed in the Land Court on March 27, 1951, and June 5, 1951, respectively.

The suits were heard by *Fenton*, J.

*Melvin G. Rogers*, (*Raymond W. Sherburne* with him,) for the plaintiffs.

*Albert L. Bourgeois*, for the defendant.

COUNIHAN, J.    These are two suits in equity brought in the Land Court under G. L. (Ter. Ed.) c. 185, § 25, in which the plaintiffs seek to enjoin the defendant from interfering with their use of a street or way sixteen feet in width and running from Bowers Avenue to the shore of Tyngs Pond, a great pond, in Tyngsborough.    The suits were tried together before a judge of the Land Court.    From final decrees dismissing the bills, the plaintiffs appeal.    There was no error.

Both suits are in effect proceedings by the plaintiffs to establish rights of way over this street or way which the de-

---

[1] The B. F. Butler Co-operative Bank was originally joined as a defendant. A mortgage held by it on the premises involved was paid off before trial so that it became no longer interested.

[2] The companion case was by Clarence L. Cote and his wife Helen K. Cote, and by Joseph T. Fallon and his wife Gertrude M. Fallon against the same defendant.

fendant admittedly owns in fee. The defendant denied the existence of the rights of way claimed by the plaintiffs.

The judge made "Findings, Rulings and Order for Decree" and the evidence is reported. Where the evidence is before us we have a right to examine it and draw our own conclusions, but the general rule is well established that findings of the judge will not be disturbed unless plainly wrong. *Barnum* v. *Fay*, 320 Mass. 177, 180. *American Employers' Ins. Co.* v. *Webster*, 322 Mass. 161, 163. *McMahon* v. *Krapf*, 323 Mass. 118, 122.

An examination of the evidence and the findings of the judge discloses that this street or way is a strip of land sixteen feet wide running northerly from Bowers Avenue to the shore of Tyngs Pond between lots 17 and 18 on a plan hereinafter mentioned, on each of which lots a cottage has been built. It is conceded that the fee in each lot and the cottages are owned by the defendant. The plan referred to is recorded with Middlesex North District registry of deeds in book of plans 29, plan 1, and it was in evidence. A copy of part of this plan is attached to the record in the second case. Originally George and Jonathan Bowers owned a large tract of land on the shore of Tyngs Pond. Sometime in 1892 they caused this plan to be prepared, and later recorded, dividing the tract into house lots as shown on this plan and on which several streets are shown and designated by name. On the copy of part of this plan in the record forty-six lots are shown of which sixteen are located on the shore of the pond, others on streets designated as Chester Avenue and Bowers Avenue which run easterly and westerly parallel to the shore, and others on streets designated as Tyngs Avenue and Pine Avenue which run southerly from Bowers Avenue. Pine Avenue does not appear to cross Bowers Avenue on the plan. This strip of land is shown on the plan as running between lots 17 and 18, the westerly boundary of lot 17 being indicated by a dotted line. This strip is located on the plan opposite the westerly part of Pine Avenue and is much narrower than Pine Avenue. It is unmarked by name and it is not desig-

nated in any manner as a street or way. It has never been laid out as a street or way and it is not wrought on the ground. The cottage on lot 17 extends onto this strip from 0.51 to 1.02 of a foot and the cottage on lot 18 from 0.51 to 0.6 of a foot.

Cianciulli is the owner of a portion of lot D, the Cotes are the owners of lots 70 and 71, and the Fallons are the owners of a part of lot B, all as shown on said plan. The plaintiffs all assert rights of way as a means of access to Tyngs Pond. They rely upon rights of way by express grant or by implication growing out of certain language in deeds to the defendant or to her predecessor in title and by reference to said plan in the deeds to her and to the plaintiffs. In a deed dated November 13, 1901, from the Bowers to one Brunelle, a predecessor in title of the defendant, of one foot of land on the westerly side of this strip, this one foot parcel is described as being bounded "On the east by an extension of Pine Avenue." In the deed to the defendant of lot 17 and fifteen feet of this strip it is recited that "The premises above described are conveyed subject to . . . rights of way so far as the same are in force and applicable . . . ."

The judge specifically found that "There never has been an express grant of a right of way over the sixteen-foot strip to any of the plaintiffs and *if* one is appurtenant to any of the land owned by any of the plaintiffs, it is by implication" (emphasis supplied). He further found "in these cases that there has been a nonuser of the sixteen-foot strip from Bowers Avenue to the shore of Tyngs Pond for more than twenty years which has been united with an adverse use of the servient estate which is inconsistent with the existence of the easements claimed by the plaintiffs and that the easements, if they ever existed, have been extinguished." We cannot say that these findings are plainly wrong.

Much of the difficulty in these cases arises over a misconception of the plaintiffs, which they strongly argue, that the judge found that the plaintiffs had a right of way over

this strip. Nowhere in the record does it appear that the judge made such a finding. On the contrary, as we have pointed out, he found that "There never has been an express grant of a right of way over the . . . strip to any of the plaintiffs." Certainly the language in the deeds relied upon by the plaintiffs created no express grant nor are references to the plan enough. See *Carroll* v. *Hinchley,* 316 Mass. 724, 729. We need not consider whether any rights of way arose by implication for, if any existed, they were extinguished by nonuser for more than twenty years and adverse use of the servient estate as the judge expressly found.

We are convinced that the findings of the judge that there was a nonuser for more than twenty years of this right of way, if one ever existed, and that there was an adverse use of the servient estate, inconsistent with the use of the alleged right of way, were warranted by the evidence.

In these circumstances the law is clear that the easement, if any, is extinguished. *Chandler* v. *Jamaica Pond Aqueduct Corp.* 125 Mass. 544, 549. *New England Home for Deaf Mutes* v. *Leader Filling Stations Corp.* 276 Mass. 153, 159. See *Smith* v. *Langewald,* 140 Mass. 205, 207. Compare *Patterson* v. *Simonds,* 324 Mass. 344, 352.

*Decrees affirmed with costs*
*of the appeals.*